Samuel Levon SHACKLEFORD *v.* STATE of Arkansas

CR 77-26                                              551 S.W. 2d 205

Opinion delivered May 31, 1977
(Division I)

*Greene, Cottrell & Craig,* by: *Omar F. Greene* and *William H. Craig,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. On January 17, 1976, appellant Samuel Levon Shackleford was charged by information with possession of heroin with intent to deliver, a felony, and possession of marijuana and possession of cocaine, both misdemeanors, in violation of Ark. Stat. Ann. § 82-2617 (Repl. 1976). He was tried and convicted. Due to a previous conviction of selling cocaine, a hearing was held so the jury could determine sentence pursuant to Ark. Stat. Ann. § 82-2624 (Repl. 1976) which resulted in sentences imposed as one year on each of the two misdemeanor charges and 25 years on the felony charge. On August 2, 1976, the court heard the State's petition for revocation of probation from the earlier conviction, and sentenced appellant to serve the additional seven years consecutive to the other sentences.

Appellant raises several points on appeal, the first of which concerns the denial of his motion to suppress the evidence obtained pursuant to a search of his premises.

A search warrant for appellant's residence was issued on January 17, 1976, based on the sworn affidavit of Detective Mike Sylvester of the Little Rock Police Department who had obtained information from a confidential informant. Under authority of the warrant detectives forcibly entered the house after announcing their identity, arrested appellant and his wife and seized quantities of marijuana, cocaine and heroin. Co-defendant Brunette Shackleford was later acquitted on all charges.

Appellant first contends the affidavit was deficient because it did not set forth with particularity the facts bearing on the informant's reliability as required in Rules of Crim. Proc., Rule 13.1(b) (1976). That rule provides:

The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.

The sworn affidavit of Detective Sylvester, on which the issuance of the search warrant was based, stated the factors constituting probable cause as follows:

(a) Affiant states that on 1-13-76, a confidential informant, who has proven to be very reliable in the past, and whose information has resulted in the arrest of five (5) felony cases, went to the above mentioned address and purchased heroin from Samuel Shackleford, said in-

formant was searched before going into the above mentioned residence.

(b) Affiant states that on 1-17-76, the same said confidential informant went to the above mentioned address and purchased heroin from Samuel Shackleford, said informant was searched before going into the above mentioned residence.

(c) Affiant states that said confidential informant has given information that has led to the conviction of three (3) persons in the last three months, other cases are still pending.

(d) Said confidential informant has seen heroin within the last eight hours in the residence of Samuel Shackleford at 1815 W. Roosevelt, Little Rock, Arkansas.

(e) The Little Rock Police Department has on file documented records showing that Samuel Shackleford, BM, DOB, 12-14-42, is dealing in heroin in the Little Rock area.

Since the affiant herein is relying on the observations of an informant, as indicated in *Glover* v. *State,* 248 Ark. 1260, 455 S.W. 2d 670 (1970), the affidavit must indicate to the issuing magistrate (1) the underlying circumstances from which the informant concluded that the object of the proposed search is where he said it was and (2) some of the circumstances from which the officer concludes that the informant is credible or his information reliable. This two-prong test was set out in *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964) and cited with approval by this Court in *Walton* v. *State,* 245 Ark. 84, 431 S.W. 2d 462 (1968).

In the present case subsections (a), (b) and (d) of the affidavit relate underlying circumstances which confirm the belief that drugs were present in appellant's house. These sections relate the activities and observations of the informant with regard to appellant. Subsections (a) and (c) state the results of other information given by the informant, in-

dicating his reliability and credibility. Consequently the affidavit here was legally adequate to meet the requirements of *Aguilar, supra.*

Appellant next contends the identity of the informant should have been revealed.

In *West v. State,* 255 Ark. 668, 501 S.W. 2d 771 (1973), we held:

> Often, determination whether disclosure is required is ultimately made upon the basis of whether the informant was present or participated in the alleged illegal act with which the defendant is charged or whether the informer merely furnished information concerning criminal activity to law enforcement officers [citations omitted]. * * *

In *Brothers v. State,* 261 Ark. 64, 546 S.W. 2d 715 (1977), we stated:

> * * * In the instant case appellant was not charged with the sale of marijuana to the informant. The informant only supplied the "lead" to law enforcement officers establishing the probable cause for issuance of the search warrant.

The information supplied by the informant here merely directed the investigation of the police to appellant's residence where they found him in possession of the heroin, marijuana and cocaine. Their subsequent search resulted in the charges brought against him. It was not error to refuse to disclose the identity of the informant since the elements of the State's case could have been proved without his testimony or participation.

Appellant also contends the search warrant was improperly returned after its execution in violation of Rules of Crim. Proc., Rule 13.4(b) (1976). That rule requires a search warrant to be returned with a verified report and inventory of the items seized.

Under Rules of Crim. Proc., Rule 16.2 (1976), a ruling

on a motion to suppress must be governed by a determination of whether the violation was substantial. In pertinent part the rule states:

> (e) Determination. A motion to suppress evidence shall be granted only if the court finds that the violation upon which it is based was *substantial,* or if otherwise required by the Constitution of the United States or of this state. In determining whether a violation is *substantial* the court shall consider all the circumstances, including:
> (i) the importance of the particular interest violated;
> (ii) the extent of deviation from lawful conduct;
> (iii) the extent to which the violation was willful;
> (iv) the extent to which privacy was invaded;
> (v) the extent to which exclusion will tend to prevent violations of these rules;
> (vi) whether, but for the violation, the things seized would have been discovered; and
> (vii) the extent to which the violation prejudiced the moving party's ability to support his motion, or to defend himself in the proceedings in which the things seized are sought to be offered in evidence against him. (Italics supplied.)

In *Brothers* v. *State, supra,* we found substantial compliance and no prejudice where a return was mistakenly marked "Investigative Report" even though some of the articles seized were not itemized.

Here, the itemization on the back of the search warrant listed three grams of heroin, one and one-half ounces of marijuana and three credit cards. We do not find that the claimed irregularity resulted in prejudice to the rights of appellant.

The jury found appellant guilty on three counts. However, when the verdict was returned it was discovered that the jury had erroneously been given a verdict form which provided for a finding on a charge of delivery of heroin, and not possession of heroin with intent to deliver, the proper charge. Appellant's motions for judgment of acquittal notwithstanding the verdict and for a mistrial were denied.

The jury was given the proper verdict form and asked to retire again. Thereafter, a verdict of guilty of possession of heroin with intent to deliver was returned. Appellant renewed his motions, which once again were denied.

Appellant contends the trial court erred in originally submitting an incorrect verdict form to the jury and in making an improper comment on the evidence at the time of submission of the second form. We find nothing improper in the court's comments to the jury when it was necessary for the jurors to retire for reconsideration of the verdict on one count.

The court stated:

> * * * There is a discrepancy in the, on the verdict sheet. You were given an erroneous verdict sheet here, and it was guilty of delivery of heroin, as opposed to the charge of possession with the intent to deliver. You will be given the correct finding sheet after, when you retire to consider your verdict the next time . . . .
>
> * * *
>
> You will return to the jury room and continue your deliberations and you will, this time, have a proper verdict sheet and you will be asked to find the defendant guilty or not guilty of possession with intent to deliver. You may retire and the verdict sheet will be there shortly.

Only extreme resulting prejudice flowing from an error committed during the course of judicial proceedings will warrant the granting of a mistrial. *Russey and Way* v. *State*, 257 Ark. 570, 519 S.W. 2d 751 (1975).

24 C.J.S. Criminal Law § 1450 (1941) states:

> Irregularities in the verdict and its reception may warrant or require the granting of a new trial, but such relief will not be given where the rights of accused are not substantially prejudiced. * * *

We do not find the court's comments prejudiced the rights of appellant in any way.

Appellant contends the trial court erred in revoking his probation. This contention is based on the alleged merit of the motion to suppress. Since we affirmed denial of the motion and determined the evidence obtained admissible, appellant's argument is without merit. Therefore the probation was properly revoked.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.