O.J. PARKS *v.* STATE of Arkansas

CR 90-74                                      795 S.W.2d 49

Supreme Court of Arkansas
Opinion delivered September 17, 1990

*Robert S. Blatt* and *William J. Kropp III,* for appellant.

*Steve Clark,* Att'y Gen., *John D. Harris,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The question presented by this appeal is whether a hearing to revoke appellant's suspended sentence was held in accordance with Ark. Code Ann. § 5-4-310 (1987), providing that revocation hearings shall be conducted within a reasonable time, not to exceed sixty days, after a defendant's arrest.

On September 9, 1988, appellant, O.J. Parks, pled guilty to the manufacture of a controlled substance. He was sentenced to a four-year term, with the four years suspended, conditioned on no commissions of a felony within two years. Five months later, on January 24, 1989, appellant was arrested and charged with the offense of being a felon in possession of a firearm, a class D felony. Subsequently, on August 15, 1989, appellant was tried on that charge, found guilty and sentenced to six months, with three months suspended. Immediately after the trial the state served appellant with a petition to revoke the suspension, having filed the petition earlier that same day. The appellant was arraigned on the petition at that time and was allowed to remain at liberty on the same bond.

On October 23, 1989, appellant filed a motion to dismiss the petition to revoke, alleging there had not been a timely hearing as required by Ark. Code Ann. § 5-4-310 (1987). On November 8, 1989, a hearing was held and appellant's motion to dismiss the petition was denied, the state's petition to revoke was granted and appellant was ordered to serve the remainder of his sentence. From that order, appellant brings this appeal.

Arkansas Code Annotated § 5-4-310 (1987) deals with the procedures for revocation hearings:

(b)(1) A suspension or probation shall not be revoked except after a revocation hearing.

(2) The revocation hearing shall be conducted by the court that suspended imposition of sentence on the defendant or placed him on probation within a reasonable period of time, not to exceed sixty (60) days, after the defendant's arrest.[1]

Appellant argues that there was no revocation hearing within sixty days after his arrest for violation of the conditions of his suspended sentence. He maintains the sixty-day requirement is mandatory because of the use of the word "shall" in the statute. We find no merit to this argument.

Appellant was not incarcerated from the time he was given notice of the filing of the petition to revoke on August 15, 1989, until the time of his revocation hearing in November. The trial court denied the motion, noting that the sixty-day rule would not apply when the defendant is not incarcerated. The trial court was correct.

■ We construed Ark. Code Ann. § 5-4-310(b) (1987) in *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980), where the appellant also argued the sixty-day limitation, but in that case he was incarcerated on other charges at the time he was charged with suspension violation. He argued that the sixty-day period began to run from the day of issuance of the warrant of arrest on the revocation petition — the date he was "constructively under

---

[1] The arrest here referred to is the arrest for violation of the conditions of suspension of sentence. *See Reynolds* v. *State*, 282 Ark. 98, 666 S.W.2d 396 (1984).

arrest." We rejected *Boone's* contention that the sixty-day rule was in the nature of a speedy trial provision. Rather, we found that the purpose was simply to limit the period of time a defendant was detained in jail awaiting a revocation hearing:

> Since the purpose of the limitation period is to assure that a defendant is not detained in jail for an unreasonable time awaiting his revocation hearing, the limitation loses its meaning when he is already serving time on another charge.

For the same reason, the time limitation loses its meaning when the defendant is not incarcerated awaiting his revocation hearing, as was the situation here. See also, *Blake* v. *State*, 262 Ark. 301, 556 S.W.2d 427 (1977); *Barnes* v. *State*, 294 Ark. 369, 742 S.W.2d 925 (1988).

The judgment is affirmed.

