2011 Ark. App. 554

**Jessie Lee MILLER, Jr., Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–1043.**

Court of Appeals of Arkansas.

Sept. 21, 2011.

Rehearing Denied Nov. 2, 2011.

Teresa Lynette Bloodman, Maumelle, for appellant.

Nicana C. Sherman, Little Rock, for appellee.

CLIFF HOOFMAN, Judge.

Appellant Jessie Lee Miller's suspended imposition of sentence (SIS) was revoked after the trial court found that he had violated the conditions of his SIS by committing the offenses of vehicular fleeing, fleeing on foot, and possession of cocaine with intent to deliver. Miller was sentenced by the trial court to ten years' imprisonment, followed by a five-year SIS. On appeal, Miller argues (1) that the trial court lacked jurisdiction to revoke his suspended sentence, (2) that his revocation hearing was held outside the sixty-day period required by Ark.Code Ann. § 5–4–310(b)(2), (3) that he did not receive the statutorily required written notice of the time and place for the hearing, (4) that the petition to revoke should have been dismissed for prosecutorial misconduct, and (5) that the revocation was not supported by the preponderance of the evidence. We affirm on all points.

On June 26, 2006, Miller pled guilty to the offense of delivery of cocaine and was sentenced to ten-years' incarceration, followed by five-years' SIS. He also signed a document₂outlining the written terms and conditions governing his behavior during the period of his suspension. These conditions included the requirement that he not commit any new offense punishable by imprisonment and that he submit his person, place of residence, or vehicle to search and seizure at any time requested by a law enforcement officer, with or without a search warrant. On May 1, 2009, Miller was arrested and charged with possession of a controlled substance with intent to deliver, fleeing in a vehicle, and fleeing on foot. A petition to revoke was filed by the State on June 17, 2009, alleging that Miller violated the conditions of his SIS by committing these new offenses. A hearing on the petition was held on May 12, 2010, and the trial court took judicial notice of the written conditions of Miller's SIS and made it a part of the record in the case.

At the revocation hearing, Officer Grant Barnett, a narcotics investigator, testified that he had received information in the past that Miller was involved in selling

narcotics. Barnett was aware that Miller was on parole at the time but not that he was also currently under a SIS. On May 1, 2009, Barnett stated that he received a tip that Miller was in his red Mercury vehicle on a certain street in Osceola, selling narcotics. According to Barnett, he and his partner drove in an unmarked car to that location and saw the red Mercury vehicle parked on the street named by the informant, although Miller was not in the vehicle at that time. Barnett set up surveillance nearby, along with other police units, then received further information that Miller was back in his vehicle and driving west down the street. Barnett stated that he followed Miller's vehicle for several blocks and that two marked police cars then got behind Miller and turned on their emergency lights and sirens, attempting to stop the vehicle. Barnett testified that Miller sped up and began fleeing from the officers, then pulled his vehicle over and parked it on the left-hand side of the road, facing oncoming traffic. Barnett stated that Miller got out of his vehicle and started running. Barnett chased Miller on foot through several backyards, yelling for him to stop, until Miller finally slipped in mud and was apprehended. Barnett testified that he found a large sum of money and a clear plastic baggie containing off-white rocks in Miller's left front pants pocket and that more money was found in Miller's right pocket. Barnett stated that the money found on Miller totaled $1090 and that he field-tested the substance in the baggie, which showed a positive result for cocaine. Miller was arrested, and the evidence was sent to be tested. Lauren O'Pry, a chemist with the Arkansas State Crime Laboratory, testified that she tested the substance and that it was found to be 2.89 grams of cocaine.

Melvin Johnson testified for the defense. He stated that he knew Miller and that he saw him the afternoon of May 1, 2009. According to Johnson, he witnessed Officer Barnett come up to Miller and shove him down onto the ground. Johnson testified that Barnett then pulled a bag out of his own back pocket and was also digging in Miller's pockets. When Miller asked Barnett what he was doing in his pockets, Johnson stated that Barnett hit Miller in the eye and told him to "shut up." Johnson testified that he never saw Barnett remove a baggie from Miller's pocket. Johnson further testified that he had notified the FBI of what he had witnessed and that he was not being promised anything to testify. In rebuttal, Marquetta Thompson, Johnson's probation officer, testified that he had not been honest with her in the past and that he had also tried to convince her to smoke marijuana, stating that he did it frequently. Thompson stated that Johnson had also failed five drug tests that she had given him.

At the conclusion of the hearing, the trial court found that the State had met its burden of proving by a preponderance of the evidence that Miller had violated the conditions of his SIS by fleeing in a vehicle and on foot and by possessing a large quantity of cocaine. In making this determination, the trial court specifically stated that it believed the testimony of Officer Barnett and noted that Johnson never testified that he actually witnessed Barnett plant anything on Miller. The trial court sentenced Miller, as a habitual offender, to ten-years' imprisonment, followed by a five-year SIS. Miller now appeals from the revocation.

■ Miller first argues that the trial court lacked jurisdiction to revoke his SIS under Ark.Code Ann. § 5-4-309 (Repl. 2006)[1] because certain provisions in the

1. The version of the statute in effect at the    time that Miller was convicted and received

statute were not followed. The applicable portions of section 5–4–309 state:

(a)(1) At any time before the expiration of a period of suspension or probation, a court may summon a defendant to appear before it or may issue a warrant for the defendant's arrest.

(2) The warrant may be executed by any law enforcement officer.

(b) At any time before the expiration of a period of suspension or probation, any law enforcement officer may arrest a defendant without a warrant if the law enforcement officer has reasonable cause to believe that the defendant has failed to comply with a condition of his or her suspension or probation.

(c) A defendant arrested for violation of suspension or probation shall be taken immediately before the court that suspended imposition of sentence, or if the defendant was placed on probation, before the court supervising the probation.

(d) If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

(e) A court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation if before expiration of the period:

(1) The defendant is arrested for violation of suspension or probation;

(2) A warrant is issued for the defendant's arrest for violation of suspension or probation;

(3) A petition to revoke the defendant's suspension or probation has been filed if a warrant is issued for the defendant's

his SIS.

arrest within thirty (30) days of the date of filing the petition; or

(4) The defendant has been:

(A) Issued a citation in lieu of arrest under Rule 5 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation; or

(B) Served a summons under Rule 6 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation.

Miller argues that because he was not arrested for a violation of his suspension, a warrant was not issued for his arrest for a violation of suspension, nor was a summons issued ordering him to appear before the trial court for a violation of suspension, the State failed to comply with the dictates of section 5–4–309(a) and (e). Miller further contends that the trial court's jurisdiction to revoke his SIS was contingent upon compliance with this statute and that, because he was never properly brought before the court, the trial court lacked jurisdiction to entertain the revocation petition.

As the State correctly notes, section 5–4–309(e) has no application to this case. This subsection only pertains to revocations that occur outside the period of suspension or probation and mandates that certain procedures be followed to obtain jurisdiction outside of the applicable time period. *See, e.g., Carter v. State,* 350 Ark. 229, 85 S.W.3d 914 (2002). Here, the June 2009 petition to revoke Miller's SIS was filed well within the five-year period of suspension, which could have expired in June 2011 at the earliest possible time, and there is no allegation by Miller to the contrary. In addition, although Miller argues that the State failed to strictly comply with section 5–4–309(a) as well, he cites no authority for the proposition that this

alleged failure prevented the trial court from exercising jurisdiction over his revocation. In fact, this same argument was previously rejected in *Reynolds v. State*, 282 Ark. 98, 666 S.W.2d 396 (1984), wherein our supreme court held that the fact that the statute was not strictly complied with, in that the defendant was never arrested for a violation of his suspension and a summons was never issued, did not deprive the trial court of jurisdiction to hear the petition to revoke or void the trial court's action. *See also Barnes v. State*, 294 Ark. 369, 371, 742 S.W.2d 925, 926 (1988) (finding that the language in the statute does not *require* that one accused of a violation of probation or suspension be summoned or arrested, but says only that he *may* be summoned or arrested) (emphasis added). Thus, we affirm on this point.

■ Miller also argues that under Ark. Code Ann. § 5–4–310(b)(2) (Repl.1996), a revocation hearing must be held within sixty days of the defendant's arrest. Because the petition to revoke his suspension was filed on June 17, 2009, and the revocation hearing was not held until May 2010, Miller contends that there was no compliance with the statute and that his fundamental right to a speedy disposition of the matter was violated. However, as the State argues, the sixty-day limitation found in section 5–4–310 has been interpreted as mandatory only where the defendant is arrested for the violation of the conditions of his suspension or probation. *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Parks v. State*, 303 Ark. 208, 795 S.W.2d 49 (1990). The purpose of the sixty-day limitation is to limit the amount of time that the defendant is detained in jail awaiting the revocation hearing and is not in the nature of a speedy-trial provision; where the defendant is incarcerated on other charges or

is not incarcerated at all, the limitation loses its meaning and is inapplicable. *Parks, supra*. In this case, Miller was arrested and detained on new offenses, not on the revocation of his SIS; therefore, the sixty-day limitation did not apply. We also note that it was partly due to several requests for continuances by Miller that the revocation hearing was not held until May 2010. In addition, at both the hearing in September and the revocation hearing in May, Miller asked the court to hold the revocation hearing in abeyance pending the trial on his new criminal charges. Therefore, Miller can demonstrate no prejudice from the delay. *See Barnes v. State, supra*. We affirm on this point as well.

■ In his next point on appeal, Miller argues that the State did not comply with Ark.Code Ann. § 5–4–310(b)(3), which requires that the defendant "be given prior written notice" of the "[t]ime and place of the revocation hearing[,]" the "[p]urpose of the revocation hearing[,]" and the "[c]ondition of suspension or probation the defendant is alleged to have violated." Because the record does not show that he was summoned to appear and the revocation petition did not contain the time and place of the revocation hearing, Miller contends that there was no compliance with the statute and that "the trial court should have refrained from exercising jurisdiction." He argues that, at a pretrial hearing in the underlying criminal case on August 14, 2009, he was surprised and prejudiced when the State requested that the revocation hearing be called on the docket. Miller asserts that the trial court entertained the State's request and placed the revocation case on the docket for September 14, 2009, without notice and an opportunity to prepare, violating his due-process rights.

Miller is correct that the time and place of the revocation hearing was not set out

in the petition to revoke. There is no transcript of the August 14 hearing in the record; however, from statements by counsel at the September 14 hearing, it is apparent that at the August hearing, Miller was present and was then notified by the trial court that the revocation hearing would be scheduled for September 14. This date is also noted in the docket sheet for the revocation case. At the September hearing, Miller objected to having the revocation hearing at that time, and the trial court granted Miller's request for a continuance and set the hearing for October 7. The hearing was again reset on several occasions, until it was finally held on May 7, 2010. Miller was present at this hearing and does not argue that he was unaware of the date for this hearing. Contrary to Miller's assertions that there must be strict compliance with the written-notice requirement in the statute to satisfy due-process concerns, we have held that the defendant's actual notice of the time and place for the revocation hearing is sufficient. *Barnes v. State, supra; Reynolds v. State, supra; Bonham v. State,* 73 Ark. App. 320, 43 S.W.3d 753 (2001). Although Miller also mentions in his argument the requirement that the defendant be apprised of the purpose or reason for the revocation hearing in writing, the revocation petition filed by the State does in fact set out his arrest for the new offenses on May 1, 2009, and requests that his suspension be revoked on this basis. It is clear by the numerous motions filed by Miller throughout the case, such as several motions to dismiss, that he was fully aware of the issues to be addressed at the revocation hearing. Thus, there is no reversible error here, and we affirm on this point.

■ Prior to the revocation hearing, Miller filed a motion for discovery, a motion for a bill of particulars, and a motion to reveal the confidential informant, seeking information on all of the persons used by the State during its investigation and his subsequent arrest. The State argued in response that there was no additional information in its file on this subject that had not previously been provided to Miller and that it did not have to name the individual who provided information about Miller's activities on May 1, 2009, because the person was actually a "cooperating individual," who merely supplied information and was not actually involved in the arrest or alleged offense. The trial court ruled that the State did not have to disclose the name of this individual.

Miller argues on appeal that the failure to disclose this information amounted to a discovery violation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that this denial also denied him the right to confront the witness and to impeach his credibility. Miller further argues that this refusal to provide him with the information, coupled with the State's failure to follow the rules set out in the revocation statutes, amounted to prosecutorial misconduct.

In *Brady,* the Supreme Court held that suppression by the prosecution of evidence that is requested by and favorable to the accused violates due process where the evidence is material to guilt or punishment, regardless of the good or bad faith of the prosecution. *Andrews v. State,* 344 Ark. 606, 42 S.W.3d 484 (2001). Our supreme court noted in *Andrews* that there are three elements of a *Brady* violation: the evidence must be favorable to the accused, it must have been suppressed by the State, and prejudice must have ensued. *Id.* at 619, 42 S.W.3d at 493.

As the State argues, the identity of the individual who provided the tip to police about Miller's location on the day of his arrest is not material to his guilt or punishment for the violation of the condi-

tions of his SIS, and therefore, Miller can show no prejudice from its suppression. Even in a criminal proceeding, Ark. R.Crim. P. 17.5 states that disclosure of an informant's identity is not required "where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant." Cases interpreting this rule have held that when an informant is also a witness or participant to the criminal incident, the identity of the informant should be disclosed. *Heard v. State*, 316 Ark. 731, 876 S.W.2d 231 (1994); *Shackleford v. State*, 261 Ark. 721, 551 S.W.2d 205 (1977). However, disclosure is not required where the elements of the State's case can be proven without the informant's testimony or participation, such as where the defendant is charged only with possession and the informant merely supplied information leading up to the search. *Shackleford, supra.*

In the present case, Miller was arrested for fleeing from police and for being in possession of contraband that was found in his pocket, not for behavior specifically witnessed or participated in by the informant. Thus, Miller fails to show how the outcome of the hearing would have been different had the name of the informant been revealed. Miller also fails to show how this information would have assisted him in impeaching prosecution witnesses. Although Miller contends that the informant's tip was the only justification for him to be stopped by police and that the evidence resulting from this warrantless search should have been suppressed, one of the express conditions of his suspension was that he submit to searches by law enforcement at any time. We also note that the exclusionary rule does not generally apply to revocation hearings and that, in any event, Miller did not request a suppression hearing at the trial court

level. *Sherman v. State*, 2009 Ark. 275, 308 S.W.3d 614.

Because the trial court properly ruled that the State was not required to disclose the identity of the informant in this case, there is no merit to Miller's argument that there was prosecutorial misconduct on this basis. As discussed above, nor is there any merit to Miller's contention that the State failed to follow statutory procedures for revocation or that this failure further contributed to any misconduct on the part of the prosecution. Therefore, we also affirm this point on appeal.

In his fifth and final point, Miller argues that the revocation of his SIS is not supported by a preponderance of the evidence. In order to revoke a defendant's suspended sentence, the burden is on the State to prove a violation of a condition of suspension by a preponderance of the evidence. *Berry v. State*, 2010 Ark. App. 217, 2010 WL 724318. On appeal, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. *Id.* Also, because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, we defer to the trial court's superior position in this regard. *Id.*

Miller argues that the State failed to meet its burden of proof because the signed conditions of his suspension were never properly introduced into evidence at the hearing. However, the trial court took judicial notice of these written conditions at the start of the hearing and made it a part of the record in the case. Miller did not object to this action by the trial court at that time, and therefore, he cannot raise an argument as to this particular issue on appeal. *Flinn v. State*, 2011 Ark. App.

115, 2011 WL 548519. As the State points out, when Miller did object, it was not on the basis of the trial court having taken judicial notice of the signed conditions, but was instead directed to the trial court's having read from portions of the conditions during the sentencing phase. When the trial court noted in response to this objection that it had taken judicial notice of the conditions, Miller made no further objection on this basis, and his argument is thus not preserved for our review.

The trial court's finding that Miller violated the conditions of his SIS was not clearly erroneous. The testimony by Officer Barnett alone, which the trial court found to be credible, showed that Miller fled from the police in his vehicle and on foot and that a subsequent search revealed contraband in Miller's pocket. This clearly violates the condition of Miller's suspension that he not commit any new offense punishable by imprisonment. Thus, we affirm on all points.

Affirmed.

VAUGHT, C.J., and BROWN, J., agree.