

# SUPREME COURT OF ARKANSAS

No. CR–12–741

| | | |
|---|---|---|
| KIRK JOHNSON | | **Opinion Delivered** February 20, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR-03-676-2-5] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Kirk Johnson appeals the order entered by the Jefferson County Circuit Court denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. For reversal, Johnson contends that the circuit court erred by not finding that he received ineffective assistance of counsel upon the revocation of his probation. We affirm.

As reflected by a judgment and disposition order entered on April 4, 2007, Johnson pled guilty to charges of attempt to manufacture methamphetamine, possession of methamphetamine, possession of marijuana, and the use of paraphernalia to manufacture methamphetamine. Collectively, he received five years of supervised probation. The record further reveals that the State filed a petition to revoke on September 7, 2007. In the petition, the State alleged that Johnson had inexcusably violated the terms of his probation by failing to report to his probation officer; by not paying probation-service fees and sheriff's fees; by

not completing any community-service work; and by failing to attend substance-abuse counseling. At a hearing convened on November 10, 2008, Johnson waived the right to a revocation hearing and admitted that he had not abided by the terms of his probation. The circuit court accepted Johnson's plea that he had violated the conditions of probation, and the court set a sentencing hearing for January 12, 2009. The court advised Johnson that a prison sentence would be forthcoming if he did not bring himself into compliance by the January 2009 hearing. However, the circuit court postponed the sentencing hearing on multiple occasions at Johnson's request, and the hearing was not held until February 16, 2010. At the sentencing hearing, the State presented testimony as to Johnson's continued lack of compliance with the terms of probation. Afterward, the circuit court entered a judgment and commitment order sentencing him to ten years in the Arkansas Department of Correction.

Johnson appealed the revocation of his probation, arguing that the circuit court erred by revoking his probation because he did not waive the sixty-day time limitation for conducting the revocation hearing and because he did not receive notice of the grounds on which the State was seeking revocation. The court of appeals affirmed on both points, holding that neither issue had been preserved for appeal. *Johnson v. State*, 2011 Ark. App. 590.

Thereafter, Johnson filed a timely petition for postconviction relief in which he asserted that his counsel was ineffective for not pursuing the argument that the sixty-day time period for holding the revocation hearing had expired and for not asserting that he did not receive adequate notice of the alleged probation violations. The circuit court denied the petition without a hearing by entry of an order dated June 25, 2012. Johnson now appeals

the denial of postconviction relief.

For reversal, Johnson argues that the circuit court erred in finding that he did not receive ineffective assistance of counsel on both grounds asserted in his petition. The criteria for assessing the effectiveness of counsel were enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In asserting ineffective assistance of counsel under *Strickland*, the petitioner must first show that counsel's performance was deficient. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Second, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Mason v. State*, 2013 Ark. 492, ___ S.W.3d ___. Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *White v. State*, 2013 Ark. 171, ___ S.W.3d ___.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Davenport v. State*, 2013 Ark. 508, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed.

SLIP OPINION

*Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___.

As his first point on appeal, Johnson contends that the circuit court erred by not finding that his counsel was ineffective for failing to raise the issue that the revocation hearing had been held outside the sixty-day limitation set by statute. He claims that he was arrested and served with the petition to revoke on July 2, 2008,[1] and that the November 10, 2008 hearing was not held within sixty days following his arrest.

At the time of Johnson's revocation, Arkansas Code Annotated section 5-4-310(b)(2) (Repl. 2006) required revocation hearings to be held within sixty days of the defendant's arrest for the probation violation.[2] In denying this claim of ineffective assistance of counsel, the circuit court found that the sixty-day limitation period did not apply because Johnson was released on bail pending the revocation hearing. The facts of this case and the law bear out the circuit court's conclusion. The record reveals that Johnson was released on a cash bond on the date he was arrested on the revocation petition. This court has observed that the purpose of the limitation period is to assure that a defendant is not detained in jail for an unreasonable time awaiting his revocation hearing. *Boone v. State*, 270 Ark. 83, 603 S.W.2d 410 (1980). We have also held that the time limitation loses its meaning and is inapplicable when the defendant is not incarcerated while awaiting his revocation hearing. *Parks v. State*,

[1]The record reflects that Johnson was arrested on a bench warrant and was served with the petition to revoke on June 8, 2008.

[2]The General Assembly repealed section 5-4-310 by Act 570, § 12 of 2011. The provisions of the former statute in revised form now appear at Arkansas Code Annotated section 16-93-307 (Supp. 2013). *See* Act 570, § 90 of 2011.

303 Ark. 208, 795 S.W.2d 49 (1990). Because Johnson was not incarcerated preceding the revocation hearing, the limitations period did not apply. Consequently, the circuit court's finding that counsel was not ineffective is not clearly erroneous because, had counsel raised the issue, the argument would not have been successful. *See Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001) (holding that trial counsel is not ineffective for failing to make an argument that is meritless); *Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000) (holding that trial counsel cannot be ineffective when he fails to make an argument that has no merit). We affirm the circuit court's decision on this point.

As his next claim, Johnson faults his counsel for not advancing the argument that the State failed to provide notice of the conditions of probation that he had allegedly violated. In making this argument, Johnson maintains that the circuit court allowed him to remain on probation following the hearing held on November 10, 2008, and that the court continued the matter until January 12, 2009, to determine whether he was complying with the terms of probation. Further, Johnson contends that when the hearing was eventually held on February 16, 2010, the State presented testimony of violations that had occurred after the November 2008 hearing. He claims that the State was required to file a new petition to revoke to include alleged violations that occurred after the petition to revoke had first been filed and then heard on November 10, 2008. Johnson urges that his counsel was ineffective for not objecting to testimony of violations occurring outside the scope of the petition to revoke and of which he had no notice.

In its order, the circuit court offered no direct ruling on the issue raised by Johnson in

SLIP OPINION

his Rule 37 petition and in this appeal. Apparently, the circuit court understood Johnson's argument to be that counsel was ineffective for failing to assert that Johnson had not received notice of the conditions of his probation when he was placed on probation, which is an entirely separate issue from the one at hand. Rule 37.3(c) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999) (citing *Bohanan v. State*, 327 Ark. 507, 510, 939 S.W.2d 832, 833 (1997) (per curiam)). If the files and the record show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect. Ark. R. Crim. P. 37.3(a). When the circuit court fails to make such findings, it is reversible error, except in cases where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Rodriguez v. State*, 2010 Ark. 78 (per curiam); *see also Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). Despite the absence of specific findings, we conclude that Johnson's argument is wholly without merit.

The record reveals that the circuit court revoked Johnson's probation at the November 2008 hearing when it accepted Johnson's admission that he had violated the terms of his probation. The record also demonstrates that the January 2009 hearing was scheduled for the purpose of sentencing Johnson upon the revocation of his probation. As also shown by the record, the circuit court granted six continuances of the sentencing hearing at Johnson's request, and the court ultimately issued an arrest warrant for Johnson after he failed to appear

at a sentencing hearing scheduled for November 9, 2009. The sentencing hearing finally took place on February 16, 2010. Even though the circuit court heard testimony regarding Johnson's continued failure to comply with the terms of probation, it was not necessary for the State to file a new petition to revoke. The circuit court had already revoked Johnson's probation in November 2008. Moreover, it was not inappropriate for the circuit court to consider further evidence for the purpose of sentencing. Therefore, Johnson's counsel was not ineffective for failing to object to the testimony or by failing to argue that he did not receive adequate notice of the probation violations. A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance based on the failure to make a motion or objection if he does not establish in his petition that counsel could have made a successful motion or objection, and trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___ (per curiam). Accordingly, we find no merit in Johnson's argument.

Affirmed.

*James P. Clouette*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.