SLIP OPINION

Cite as 2014 Ark. App. 463

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–1099

| | |
|---|---|
| TERRELL WAYNE HOOD<br><br>APPELLANT | **Opinion Delivered** September 17, 2014<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CR–2012-511] |
| V. | |
| | HONORABLE MICHAEL A. MAGGIO, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | AFFIRMED |

### JOHN MAUZY PITTMAN, Judge

This is an appeal from a probation revocation. Appellant pled guilty on April 4, 2013, to charges of possession of a controlled substance, possession of drug paraphernalia, and driving with a suspended license. He was placed on probation for a period of five years, conditioned, *inter alia*, on meeting with the probation office in a regular and timely manner. A petition to revoke was filed after appellant failed to appear at his initial probation intake. After a hearing, the trial court found that appellant violated the terms of his probation and sentenced him to six years' imprisonment. On appeal, appellant argues that the trial court employed the wrong standard in determining his punishment and that the revocation hearing was untimely. We affirm.

Appellant argues for the first time on appeal that the trial court employed the wrong standard by failing to exercise its discretion in deciding whether or not to revoke. We cannot address this issue because appellant failed to object to the sentence imposed at the revocation

hearing; the issue is therefore not preserved for appellate review. *Mixon v. State*, 330 Ark. 171, 954 S.W.2d 214 (1997).

Appellant next argues that the probation hearing was untimely because he was initially incarcerated on revocation charges and remained incarcerated for over sixty days. Arkansas Code Annotated section 16-93-307(b)(2) (Supp. 2013) provides that a revocation hearing must be held within sixty days of an arrest for a probation violation. However, this is not in the nature of a speedy-trial provision, *Miller v. State*, 2011 Ark. App. 554, 386 S.W.3d 65, and is mandatory only when one is arrested for the violation of the conditions of his probation. *Id.* Where the accused is incarcerated on other charges, the limitation is inapplicable. *Id.* Here, appellant was arrested for a probation violation on May 29, 2013. Less than two weeks later, on June 10, the petition to revoke was dismissed based on appellant's agreement to a negotiated plea (on which he later reneged). Appellant remained incarcerated on other charges. Upon determining that appellant had rejected the plea offer, the revocation petition was refiled on August 15. The revocation hearing was then held promptly on August 28, less than two weeks after the petition was refiled. Therefore, although appellant may in fact have been incarcerated from April until August 2013, less than thirty days of the incarceration was attributable to the revocation charges, and the sixty-day limitation set out in section 16-93-307(b)(2) was not violated.

Affirmed.

WALMSLEY and HIXSON, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.