

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-15-691

| | | |
|---|---|---|
| | | **Opinion Delivered** September 14, 2016 |
| DEMARCUS BROWN | APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CR-12-119] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Demarcus Brown appeals the Phillips County Circuit Court's revocation of his probation. On appeal, he argues that the petition for revocation failed to provide notice of the allegations against him, that he was not properly served, and that there was insufficient evidence to support the revocation of his probation. We affirm.

In 2012, pursuant to a guilty plea to charges of residential burglary and first-degree battery, Brown was sentenced to five years' probation. On December 5, 2014, the State filed a petition to revoke Brown's probation, alleging that Brown had committed arson and first-degree battery; possessed a knife; failed to pay fines, fees, and court costs as ordered; and failed to comply with the instructions of his probation officer. The certificate of service attached to the revocation petition stated that it had been served on Brown's attorney,[1] along with copies of the criminal summons, order setting the revocation hearing, and notice of the hearing.

---

[1] The record indicates that the documents were served on Dion Wilson, who had been appointed to represent Brown against new criminal charges stemming from the same events at issue in this probation-revocation proceeding.

SLIP OPINION

At the hearing on January 29, 2015, the court granted the State's motion for a continuance and rescheduled the hearing for February 9, 2015. Brown argued that he had not been personally served with the revocation petition, but he made no motion and obtained no ruling on the issue.

At the February 9 hearing, Brown again argued that he had not been personally served. The prosecutor stated that his records showed that the documents had been served on Brown's attorney, which Brown did not dispute. Brown stated that service on his attorney was not proper, but neither made any legal arguments nor cited any authority for his statement. The court overruled Brown's objection.

Princess Burnside, Brown's probation officer, began to testify that Brown had tested positive for drugs numerous times during his probation. Brown's counsel immediately objected that the petition for revocation did not allege anything about failed drug tests. The State responded that the petition alleged that Brown had failed to participate in supervised probation, failed to report, and failed to fully comply with the written and verbal instructions of his probation officer. The court found that was sufficient notice to cover allegations of failed drug tests and overruled the objection.

Burnside testified that Brown had tested positive for marijuana when he came in for probation intake on August 2, 2012, and that he had tested positive for marijuana three additional times, one of which he also tested positive for cocaine. Burnside also testified that Brown remained delinquent on his supervision fees. She stated that she had checked and confirmed that Brown had neither paid his fees nor worked them off by doing community service. Burnside testified that Brown had failed to report in January, March, April, June, and

SLIP OPINION

December of 2013 and February, April, and June of 2014. She also testified that Brown failed to follow instructions by moving without notifying his probation officer or obtaining approval. Burnside testified that, during Brown's intake, she had gone over the conditions of his probation with him. One of the conditions of probation that she had counseled Brown to abide by was the requirement that he not commit any new felonies while on probation.

Cordarious Willis testified that he knew Brown and that Brown had threatened to kill him and his family. He witnessed Brown fighting with Lorenzo Danaby. He testified that Lorenzo had started the fight and that he saw Brown with a knife and saw Brown stab Lorenzo with it.

Jennifer Wilson testified that she is the mother of Cordarious Willis. She stated that she knew Demarcus Brown and Lorenzo Danaby because her daughter, Javona Willis, was in relationships with both men. She stated that she had received a call that Cordarious and Brown were fighting and that she saw Brown with a knife but did not see him stab Lorenzo.

Lorenzo Danaby testified that he had been in a fight with Brown on October 22, 2014, during which Brown stabbed him in the back with a knife. He testified that the stabbing punctured his right lung and his bladder, requiring extensive medical treatment.

Henry Louis Danaby testified that he is Lorenzo's father and that he knew Demarcus Brown. He stated that on October 11, 2014, someone broke the windows out of his house and burned the house, which also burned a camper and a truck on the property. He testified to the value of each item lost in the fire, the total of which came to $28,800. He testified that approximately fifteen to twenty minutes before his house was burned, he saw an unfamiliar

powder blue bicycle in his yard. He did not know who owned the bike, but the following day he saw Demarcus Brown on the same bike.

The court found that Brown had violated the conditions of his probation by committing battery and arson, possessing a knife, testing positive for drugs four times, and failing to report eight times. The court revoked Brown's probation and sentenced him to serve twenty-year terms in the Arkansas Department of Correction for each of the two underlying felony convictions, to run concurrently. Brown filed a timely notice of appeal.

A circuit court may revoke a defendant's probation prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308 (Supp. 2015); *Miller v. State*, 2011 Ark. App. 554, at 11, 386 S.W.3d 65, 71. Evidence that would be insufficient for a new criminal conviction may be sufficient for the revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions of probation. *Majors v. State*, 2012 Ark. App. 501, at 4. In *Ferguson v. State*, 2016 Ark. App. 4, 3, 479 S.W.3d 588, 590, we explained that "[o]n appeal, we will not reverse the trial court's decision to revoke unless it is clearly erroneous, or clearly against the preponderance of the evidence." Moreover, we must defer to the superior position of the trial court to determine questions of credibility and the weight to be given the evidence. *Id.*, 479 S.W.3d at 590.

Brown argues that he was never personally served with the revocation petition, notice of the hearing, or criminal summons. The certificate of service on the revocation petition and the prosecutor's in-court statement indicated that the documents had been served on Brown's

SLIP OPINION

court-appointed attorney, Dion Wilson, which Brown does not dispute. Brown argues that service on his attorney was "not proper" and that he should have been personally served. We disagree.

It is undisputed that Brown and his counsel had actual notice of the time and place of the revocation hearing. In *Miller*, we held that "actual notice of the time and place of the revocation hearing is sufficient." 2011 Ark. App. 554, at 8, 386 S.W.3d at 70. Since *Miller* was decided, the General Assembly has amended Arkansas Code Annotated section 16-93-307, which is the statute governing probation-revocation proceedings. In keeping with *Miller*, the current version of the statute simply requires that "the defendant shall be given prior written notice" of the hearing, the purpose of the hearing, and the condition of probation he is alleged to have violated. *See Miller*, 2011 Ark. App. 554, at 5, 386 S.W.3d at 68; Ark. Code Ann. § 16-93-307. A plain reading of the statute indicates that it requires only "prior written notice," which Brown admits he received. Accordingly, we affirm on this point.

Brown also argues that the allegations contained in the petition for revocation were so vague that they failed to provide sufficient notice of the factual basis for revocation that the State was alleging against him. Arkansas Code Annotated section 16-93-307(b)(3)(c) requires that the defendant be given prior written notice of the condition(s) of suspension or probation he is alleged to have violated. The petition specifically alleged that Brown had committed felonies while on probation: battery in the first degree against Lorenzo Danaby when Brown stabbed him and arson when Brown burned the home of Henry Louis Danaby. It also specifically alleged that Brown had possessed a knife in violation of the terms of his probation; failed to pay his fines, fees, and costs; failed to participate in supervised probation; failed to

report to his probation officer; and failed to comply with the instructions of his probation officer.

Brown argues that the petition did not provide notice that the State also intended to present evidence that he had tested positive for drugs. The State argues that the revocation petition alleged that Brown had failed to comply with the written and verbal instructions of his probation officer, which was sufficient. We need not decide whether the revocation petition provided sufficient notice of the allegation that Brown had failed his drug tests because the petition provided notice of other separate and independent grounds for revocation, on which the court ultimately based its revocation order. Specifically, the petition alleged that Brown had failed to report, had committed subsequent felonies, and had possessed a deadly weapon, all of which the court found to be violations of the terms and conditions of Brown's probation. To support revocation, the State need only prove that Brown committed one violation of the conditions of his probation. *Majors*, 2012 Ark. App. 501, at 4.

Lastly, Brown argues that there was insufficient evidence to support the court's finding that he had violated the terms and conditions of his probation. Brown failed to raise this argument below, and the State argues that it is not preserved for appeal. However, it is well settled that a defendant may challenge the sufficiency of the State's proof on appeal from a revocation in the absence of a directed-verdict motion or motion to dismiss. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). However, we find no merit in Brown's argument, because there was sufficient evidence to support the revocation. In addition to the testimony from several witnesses that they had seen Brown possess a knife and stab Lorenzo Danaby, Princess Burnside testified that Brown had failed to report at least eight times, which Brown did not

dispute or rebut. Therefore, we find that there was sufficient evidence to support the court's finding that Brown had inexcusably violated the terms and conditions of his probation. We affirm.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.