Cite as 2025 Ark. App. 19

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-80

| | | |
|---|---|---|
| | | Opinion Delivered January 15, 2025 |
| ROBERT WALLACE | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-17-253] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Robert Wallace appeals from the Craighead County Circuit Court decision revoking his probation and sentencing him to ten years' imprisonment followed by ten years' suspended imposition of sentence. On appeal, he argues the evidence was insufficient to support the revocation. We affirm.

Wallace pleaded guilty to one count of permitting child abuse, a Class B felony, pursuant to Arkansas Code Annotated section 5-27-221 (Repl. 2013), on September 17, 2018. He was sentenced to five years' probation. In March 2023, the State filed a petition to revoke his probation alleging that he had violated the terms of his probation by possessing methamphetamine.

At the revocation hearing, the court heard testimony from Jonesboro Police Officer Tanner Huff. Huff testified that, while on patrol on February 21, 2023, he encountered

Wallace and asked him if he was on probation. When Wallace said he was, Huff searched him and found a small plastic bag of what he identified as methamphetamine. Wallace took the stand. He admitted that he had methamphetamine on him that day.

Counsel for Wallace moved for a directed verdict at the close of the evidence, arguing the search was unlawful, and therefore, that a preponderance of the evidence does not support a finding that Wallace inexcusably violated a term of his probation. The circuit court denied the motion, stating from the bench that "your client was put on probation and [ ] sat here on the witness stand and told me he had a pocket full of methamphetamine."

The court sentenced Wallace to ten years' incarceration followed by ten years' suspended imposition of sentence. Wallace appealed. On appeal, he argues that sufficient evidence does not support the revocation because "[t]here was insufficient evidence to find by a preponderance of the evidence that the probation search was legal."

A circuit court may revoke a defendant's probation prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308 (Supp. 2017); *Miller v. State*, 2011 Ark. App. 554, at 11, 386 S.W.3d 65, 71. Evidence that would be insufficient for a new criminal conviction may be sufficient for the revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions of probation. *Major v. State*, 2012 Ark. App. 501, at 4. We will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Brown v. State*, 2016 Ark. App. 403, at

2

4, 500 S.W.3d 781, 784. Moreover, we must defer to the superior position of the circuit court to determine questions of credibility and the weight to be given the evidence. *Id.*

One of the conditions of Wallace's probation was that he not possess any controlled substances for which he does not have a prescription. Both Officer Huff and Wallace testified that he possessed methamphetamine. This is sufficient to establish that Wallace violated a term of his probation. *Farris v. State*, 2024 Ark. App. 188, at 7, 686 S.W.3d 602, 608 ("A defendant's admission to violating a term or condition of a suspended sentence, standing alone, is sufficient evidence to support the revocation.").

To the extent that Wallace argues that the methamphetamine was found as the result of an illegal search, his argument is not well taken for three reasons. First, the argument was not well developed or properly presented to the circuit court, and couching it as a sufficiency argument does not save the illegal-search issue on appeal. *Costes v. State*, 103 Ark. App. 171, 175, 287 S.W.3d 639, 642 (2008) (holding that failing to move to suppress or otherwise object prevents a challenge to the search and subsequent admissibility of evidence in revocation proceeding). Second, the exclusionary rule—absent a showing of bad faith—does not apply in a revocation hearing. *Sherman v. State*, 2009 Ark. 275, at 8, 308 S.W.3d 614, 618 (2009). And third, Wallace was subject to suspicionless search as part of his probation pursuant to Arkansas Code Annotated section 16-93-106 (Repl. 2016), which provides that

> [a] person who is placed on supervised probation or is released on parole under this chapter is required to agree to a waiver as a condition of his or her supervised probation or parole that allows any certified law enforcement officer or Department of Community Correction officer to conduct a warrantless search of his or her person, place of residence, or motor vehicle at any time, day or night, whenever requested by

the certified law enforcement officer or Department of Community Correction officer.

This statute is constitutional and precludes Wallace's argument, such that it was, that a search was not predicated on probable cause. *Clingmon v. State*, 2021 Ark. App. 107, at 11, 620 S.W.3d 184, 190.

Affirmed.

HARRISON and BARRETT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.