2015 Ark. App. 408

**Fabian TROTTER, Appellant**

**v.**

**STATE of Arkansas, Appellee**

**No. CR–14–842**

Court of Appeals of Arkansas, DIVISION II.

Opinion Delivered JUNE 17, 2015

C. Brian Williams, for appellant.

No response.

KENNETH S. HIXSON, Judge

|₁In July 2010, appellant Fabian Trotter pleaded guilty to possession of marijuana with the intent to deliver in exchange for a four-year probationary term. Appellant's conditions of probation required that he pay all fines, costs, and fees as directed, among other conditions. All payments were directed to be paid in $50 per month installments beginning in August 2010. In October 2013, the State filed a petition to revoke his probation, contending that appellant violated five conditions, including the fines/costs/fees requirement. After a revocation hearing in June 2014, the trial court found, by a preponderance of the evidence, that appellant was inexcusably in violation of this condition. A judgment was entered upon revocation, sentencing appellant to five years in the Arkansas Department of Correction.

Appellant's attorney filed a timely notice of appeal from the judgment upon revocation and ordered the entire trial-court record. Subsequently, appellant's attorney filed a no-merit |₂brief pursuant to Arkansas Supreme Court Rule 4–3(k) (2014), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit to present on appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(*l* ). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(*l* ). Counsel's brief recites the entirety of Rule 4–3(k)(*l* ).

Although appellant was sent a copy of his attorney's brief and motion by mail, notifying appellant of his right to present pro se points for reversal, appellant did

not file any pro se points. The State did not file a brief with our court.

In furtherance of the goal of protecting Constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). After a full examination under the proper standards, we hold that counsel provided a compliant "no merit" brief demonstrating that an appeal would be wholly without merit, and further, that counsel's motion to be relieved should be granted.

The only adverse ruling was the decision to revoke probation. The burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation. *Amos v. State*, 2011 Ark. App. 638, 2011 WL 5110125; Ark.Code Ann. § 16–93–308(d) (Supp. 2011). This court will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004). Once the State introduces evidence of non-payment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Sanders v. State*, 2012 Ark. App. 697, 2012 WL 6200377. The ultimate burden of persuasion remains on the State, but it need only prove one violation in order to support the revocation of probation. *Id.*

The evidence at the revocation hearing included the testimony of a sheriff's department employee, Amy Peyton, who was in charge of collection of fines and costs. Peyton testified that appellant owed $1,645 in fines and costs, but he had made no payments; she had not heard from him at all.

Michael Alston supervised appellant's probation. Alston's records indicated that appellant worked in some type of construction job. Alston testified that he informed appellant at each visit that he needed to make sure that he made payments or he could have a warrant issued for nonpayment. Alston said that appellant told him that he was making his payments.

Appellant did not testify to offer any explanation for failing to make any payments whatsoever. The trial court found that there was no proof to substantiate that appellant had the inability to make payments but substantial proof that appellant made "zero" attempts to pay. Upon revocation, this appeal followed.

Based upon the foregoing, the trial judge's decision to revoke appellant's probation was not clearly erroneous or clearly against the preponderance of the evidence. Counsel correctly asserts that once the State introduced evidence of non-payment, the burden shifted to appellant to go forward to offer some reasonable excuse for his failure to pay. *Palmer v. State*, 60 Ark. App. 97, 959 S.W.2d 420 (1998). Appellant offered no reasonable excuse. No issue of arguable merit could be raised on appeal to reverse. Appellant's counsel correctly notes that there was no other adverse ruling.

Having considered this no-merit appeal under the proper standards, we affirm the revocation of appellant's probation and grant counsel's motion to be relieved.

Affirmed; motion granted.

Whiteaker and Vaught, JJ., agree.