

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–400

| | | |
|---|---|---|
| JOBETH FERGUSON | | Opinion Delivered January 6, 2016 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2014–720] |
| V. | | |
| | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

JoBeth Ferguson appeals from the revocation of her suspended imposition of sentence and probation, which were previously ordered following her guilty pleas to charges of possession of drug paraphernalia and possession of a controlled substance. She challenges the sufficiency of the evidence to support the trial court's findings that she inexcusably violated the conditions of her suspension and probation. We affirm.

Appellant pled guilty in August 2014 to felony charges of possession of drug paraphernalia and possession of a controlled substance (methamphetamine). She was fined $1000 and ordered to pay the fine and various fees and costs totaling an additional $875 in monthly installments of $50 beginning in September 2014. Imposition of any sentence to imprisonment for the paraphernalia count was suspended for five years on various conditions, including that she pay the ordered fine, costs, and fees. For the methamphetamine count, she was placed on supervised probation for five years subject to the same terms regarding



payment of the fine, costs, and fees, and the additional requirement that she cooperate with and report as directed to a probation officer. In October 2014, the State filed a petition to revoke appellant's suspension and probation alleging, *inter alia*, that she had failed to make any payments toward the ordered amounts or to report to or otherwise contact her probation officer as directed. After a hearing, the trial court found that appellant had violated both of these conditions, and it revoked appellant's suspension and probation. She was sentenced to four years in the Arkansas Department of Correction for the methamphetamine conviction; imposition of any sentence to imprisonment for the paraphernalia conviction was suspended for a period of five years.

In order to revoke a suspension or probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of that suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). The burden of proving that the defendant violated the terms of her suspension or probation is on the State. *Trotter v. State*, 2015 Ark. App. 408, 465 S.W.3d 860. Only one violation need be shown in order to justify revocation. *Id.* When the basis for revocation is the failure to make payments as ordered, it is the State's burden to prove that such failure to pay was inexcusable. *Suggs v. State*, 2015 Ark. App. 10. Once the State introduces evidence of nonpayment, however, the burden of production shifts to the defendant to go forward with evidence of a reasonable excuse for failing to make the payments. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. Nevertheless, the State shoulders the ultimate burden of proving that the failure to pay was inexcusable. *Stillwell v. State*, 2010 Ark. App. 546.



On appeal, we will not reverse the trial court's decision to revoke unless it is clearly erroneous, or clearly against the preponderance of the evidence. *Trotter, supra.* This court defers to the superior position of the trial court to determine questions of credibility and the weight to be given the evidence. *Dotson v. State*, 2014 Ark. App. 456.

Here, the State presented testimony from Ms. Amy Peyton, collector of fines and costs for the Crittenden County Sheriff's Department. She testified that appellant was assessed a $1000 fine and $875 in costs associated with her two guilty pleas. Ms. Peyton further stated that appellant had been ordered to pay the fine and costs at the rate of $50 per month beginning in September 2014. She testified that, as of the January 9, 2015, hearing on the petition to revoke, appellant had made no payments and had not contacted Ms. Peyton's office. The State also presented testimony from Ms. Jakirby Evans, appellant's probation officer. Ms. Evans stated that appellant failed to report as directed on September 2, 9, and 22. While appellant claimed that she had no transportation to the meetings, Ms. Evans testified that a free, public-transportation bus system was available to take appellant to and from the probation office. Ms. Evans further testified that appellant owed $70 in supervision fees but had made no payments toward that obligation.

Appellant testified in her own defense. She admitted that she had not reported to her probation officer or made any payments on her fine and fees. She sought to excuse her failure to report on a lack of transportation from her home in Memphis, Tennessee, to the probation office in West Memphis, Arkansas. However, she admitted that she knew that the public bus ran from Memphis to West Memphis and stated, "I don't have an excuse for why

SLIP OPINION

I wouldn't ride the bus." Regarding the failure to make any payments on her fine and fees, appellant claimed that she was unemployed and had been incarcerated in Memphis on other charges for much of the time between her August 2014 guilty pleas and mid-November 2014. However, she admitted that, at the time of her pleas, she had a standing offer to go to work for her sister but that she never called her sister to make the final arrangements. Appellant further admitted that she had received $25,000 in life-insurance proceeds in the spring of 2014, that she put $14,000 of those funds into her bank accounts, and that she did not use that money to pay her fine or fees. While appellant stated that, at some point after her guilty pleas, those accounts had been "frozen" by the bank, she had no paperwork or other information to corroborate her statements.

Without objection, the court had its bailiff contact authorities in Memphis to verify whether appellant had been incarcerated there and, if so, for how long. After doing so, the bailiff reported on the record, again without objection, that appellant had actually spent less than two weeks in jail in Memphis, from early to mid-November.

Appellant contends that the trial court's findings that she inexcusably violated the conditions of her probation and suspension are not supported by the evidence. We cannot agree. Appellant admitted that she did not comply with the conditions of her release. She had access to $14,000 at the time that she was placed on probation and suspension, but she did not use the funds to make any payments toward her obligations. She also had a certain employment opportunity but did not take advantage of it. Moreover, the court had evidence that appellant substantially overstated the amount of time that she was incarcerated

in Memphis, and appellant offered nothing to support her self-serving testimony that her bank accounts had been frozen. While the State retained the ultimate burden of showing that appellant's violations were inexcusable, it is also true that the court was not required to believe appellant's testimony. *Dotson v. State*, 2014 Ark. App. 456. From our review of the record, and deferring to the trial court's superior position to determine witness credibility, we cannot conclude that the court clearly erred in finding that appellant inexcusably failed to make her court-ordered payments. Under these circumstances, we need not discuss the other violation found by the trial court.

Affirmed.

HARRISON and HOOFMAN, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.