

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-16-172

| | |
|---|---|
| | **Opinion Delivered** October 5, 2016 |
| ALISHA MARIE HOLMES-CHILDERS<br>APPELLANT | APPEAL FROM THE CRAWFORD<br>COUNTY CIRCUIT COURT<br>[NO. 17CR-14-330] |
| V. | |
| | HONORABLE GARY COTTRELL,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED AS MODIFIED |

## LARRY D. VAUGHT, Judge

Alisha Childers[1] appeals the Crawford County Circuit Court's order revoking her probation. We affirm.

In April 2015, Childers pled guilty to second-degree domestic battery, a Class C felony, and the court sentenced her to seventy-two months' probation. The conditions of that probation included the requirement that she pay $70 per month toward the $2200 she owed in fines, fees, and costs. On August 13, 2015, the State filed a petition to revoke her probation, alleging that she had violated its terms by absconding and by failing to make any of the required payments. At the revocation hearing, the fine-and-restitution coordinator for the prosecuting

---

[1] Appellant's last name is listed in the briefs and trial-court documents as "Holmes," "Childers," and "Holmes-Childers." She signed various court document as "Alisha Holmes" and "Alisha Childers." The case caption lists her as "Alisha Marie Holmes-Childers," but she does not appear to otherwise have used a hyphenated last name. Because she most recently referred to herself in court documents as simply "Alisha Childers," we have followed suit in this opinion.

attorney's office testified that Childers was ordered to begin making payments in May 2015, and as of the hearing date in December 2015, she had made no payments. An administrator at the Arkansas Department of Community Correction testified that Childers had filled out the new-client intake sheet but that the phone number she provided was not a working number. The administrator sent Childers a letter asking Childers to contact her but got no response. On August 10, the administrator reported to the prosecutor's office that Childers couldn't be contacted and requested that they initiate revocation proceedings. On August 24, Childers reported to the probation office and filled out a monthly report, including her current contact information. The following day, the administrator contacted Childers and asked her to report to the office, which she did. Childers was drug tested, and she tested positive for methamphetamine. She was taken to jail. After her release, she reported back to the probation office once but failed to report after that.

The defense moved for directed verdict, arguing that the State had failed to prove that her violations of the terms and conditions of her probation were willful. She argued that she had not paid and had not reported because she did not have the resources to do so. The court denied the motion.

The defense called Childers's mother, Angela Johnson, who testified that Childers receives Social Security disability benefits, which are her only form of income. Johnson testified that she was Childers's payee because Childers could not manage her own money. She testified that she had given Childers money from the disability benefits with which to make payments in this case and was not aware that Childers had not used the money to make

SLIP OPINION

those payments. Johnson testified that Childers had been spending time with her husband, Randy Childers, who is a convicted felon with a history of methamphetamine use.

Childers testified on her own behalf that she had given the probation office the phone number for her former stepfather's house, which was where she lived at the time, but that he had failed to give her any messages when the probation office called. She also stated that his phone was turned off at one point because he failed to pay the bill. She stated that she got money from her mother to pay her fines, fees, and costs, but that her husband had stolen it while she was asleep. She admitted that she had a drug addiction and that she had used methamphetamine while on probation. She admitted that between May 12, 2015, and August 24, 2015, she failed to notify the probation office of changes to her address and contact information. When asked about why she failed to report and failed to notify the office of changes to her address, she said she didn't have transportation to get to the probation office and didn't know the phone number.

At the close of all evidence, the defense renewed its motion and again argued that any violation was not willful but based on lack of resources. The court denied the motion, revoked Childers's probation, and sentenced her to eight years in the Arkansas Department of Correction plus two years suspended imposition of sentence conditioned on her completing long-term drug-and-alcohol treatment while in prison.

A circuit court may revoke a defendant's probation prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308 (Supp. 2015); *Miller v. State*, 2011 Ark. App. 554, at 11, 386 S.W.3d 65, 71. Evidence that would be insufficient for a criminal conviction may be sufficient for the

SLIP OPINION

revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions of her probation. *Majors v. State*, 2012 Ark. App. 501, at 4. In *Ferguson v. State*, 2016 Ark. App. 4, at 3, 479 S.W.3d 588, 590, we explained that "[o]n appeal, we will not reverse the trial court's decision to revoke unless it is clearly erroneous, or clearly against the preponderance of the evidence." Moreover, we must defer to the superior position of the trial court to determine questions of credibility and the weight to be given the evidence. *Id.*, 479 S.W.3d at 590.

Childers's only argument on appeal is that the State presented insufficient evidence to support the revocation. Specifically, she argues that there was insufficient proof that her nonpayment was inexcusable because she offered reasonable excuses for her nonpayment.[2] The circuit court may revoke probation if the defendant has not made a good-faith effort to make his court-ordered payments. *Rhoades v. State*, 2010 Ark. App. 730, at 3, 379 S.W.3d 659, 661 (citing *Thompson v. State*, 2009 Ark. App. 620). While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for his failure to pay. *Id.* at 3, 379 S.W.3d at 661. If the probationer asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Peals v. State*, 2015 Ark. App. 1, at 4, 453

---

[2] Childers argues, under this point, that the trial court also erred in not considering the factors enumerated in Ark. Code Ann. § 5-4-205(f)(3)(A)–(E), which relate to a defendant's ability to pay restitution. This point is neither preserved nor relevant, as Childers was not ordered to pay restitution.

S.W.3d 151, 154. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.* at 4, 453 S.W.3d at 154. The circuit court is not required to believe the testimony of the defendant because he is the person most interested in the outcome of the hearing. *Rhoades*, 2010 Ark. App. 730, at 3, 379 S.W.3d at 661.

Childers argues that her nonpayment was excusable because she is unable to manage her own finances and because, when she had the money to make a payment, it was allegedly stolen by her husband. We disagree. Childers's mother testified that she had given Childers the money to pay her fines and fees and that Childers had both assured her she *would* pay and later told her she *did* pay, neither of which was true. Moreover, the circuit court was not required to believe Childers's account of the alleged theft. *Rhoades*, 2010 Ark. App. 730, at 3, 379 S.W.3d at 661. In this case, she voluntarily chose to associate with Randy Childers, a known felon with a history of drug use, and she admitted that she and Randy had used methamphetamine together while she was on probation, which calls into question the credibility of her story that Randy prevented her from paying her fines and fees by stealing the money. Moreover, she failed to make even a single payment from the time she started probation in April until the revocation hearing in December. Even if the court believed her explanation about Randy stealing the money, it would only account for a single missed payment. Finally, prior to the revocation hearing, she never raised concerns or requested relief related to her ability to pay. Therefore, given that she had sufficient disability income to cover the $70 monthly payments but had failed to make even one such payment, we cannot say that the circuit court's finding that Childers's failure to pay was inexcusable was clearly erroneous.

Alternatively, the court also found that Childers violated the terms and conditions of her probation by absconding. Specifically, she did not keep the probation office updated on her address and phone number, failed to report, and failed to return phone calls. She argues, again, that her failures were not inexcusable because they stemmed from her lack of resources. However, Childers's explanation for why she did not at least call in to report her whereabouts to the probation office was because she "didn't know their phone number." We affirm the circuit court's finding that Childers's failure to report was inexcusable because she could have overcome this obstacle by putting forth even a modicum of effort to look up the phone number. Because Childers failed to make a good-faith effort to comply with the terms and conditions of her probation, we affirm.

We note that the sentencing order entered by the circuit court contains the requirement that "[d]efendant shall complete drug/alcohol treatment while incarcerated as a term and condition of suspended sentence." However, Arkansas Code Annotated section 5-4-307(c) (Repl. 2013) states that if a court sentences a defendant to a term of imprisonment and suspends imposition of sentence (SIS) as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is released from imprisonment. Therefore, Childers's SIS cannot begin until she is released from prison, and no condition of SIS may be imposed prior to that date. Moreover, in *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909, the Arkansas Supreme Court held that there is no statute authorizing drug-or-alcohol treatment as a condition of incarceration, making any sentence containing such a condition illegal on its face. Once the circuit court enters a judgment and sentence of incarceration, jurisdiction transfers to the Arkansas Department of Correction, a part of the executive branch

of government, to determine any conditions of that incarceration. *Richie*, 2009 Ark. 602, at 11, 357 S.W.3d. at 915.

We view an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, in that it cannot be waived by the parties and may be addressed for the first time on appeal. *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008) (citing *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992)). A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895. Where, as here, we hold that a circuit court's sentence was illegal but that the error had nothing to do with determinations of the defendant's guilt, we can correct the sentence in lieu of remanding. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

We therefore affirm the revocation of Childers's probation but modify her sentence to remove the requirement that she complete drug and/or alcohol treatment while incarcerated.

Affirmed as modified.

HIXSON and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.