N. MARK KLAPPENBACH, Judge
Reshord Demone Riley appeals from the revocation of his probation. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Riley's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. Although Riley was sent a copy of his counsel's brief and motion by mail, notifying him of his right to present pro se points for reversal, he did not file any pro se points. We previously ordered supplementation of the record and rebriefing in this matter. See Riley v. State , 2018 Ark. App. 27. Because the deficiencies have now been corrected and the appeal is wholly without merit, we affirm the revocation and grant counsel's motion to withdraw.
Riley was originally convicted of breaking or entering, a Class D felony, in 2012. He was sentenced to two years' probation and ordered to pay court costs, fines, and fees totaling $1920. In 2013, Riley's probation was revoked and continued. In 2015, his probation was again revoked and extended for two years. He was ordered to pay all previously assessed fines, costs, and fees along with additional costs and fees. In November 2016, the State filed a petition for revocation, alleging that Riley had violated his probation by committing a new offense, testing positive for alcohol, and failing to pay financial obligations as ordered. After a hearing, the Miller County Circuit Court revoked Riley's probation *787 due to his failure to pay as ordered and sentenced him to six years' imprisonment.
As counsel notes, the only adverse ruling was the decision to revoke Riley's probation. The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his or her probation. Trotter v. State , 2015 Ark. App. 408, 465 S.W.3d 860. This court will not reverse unless the circuit court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the circuit court and the weight it assigns to the evidence. Id. Once the State introduces evidence of nonpayment, the defendant then has the burden of going forward with some reasonable excuse for failing to pay as ordered. Id. The ultimate burden of persuasion remains on the State, but it need only prove one violation in order to support the revocation of probation. Id.
Riley's probation officer, Laura Hanna, testified that Riley had received credit for some of his financial obligations by performing community service and had made some payments toward his probation supervision fees; however, he currently owed $207.20 to the probation department and $1960 to the circuit clerk's office. Hanna testified that Riley reported having two part-time jobs in August 2016 and a full-time job in September 2016. Riley acknowledged that he owed the money but claimed that he had not received credit for all of the community service he had performed. He also testified that he was arrested based on false accusations a few weeks after obtaining his full-time job and had been incarcerated since October 2016. The circuit court found that Riley had been given ample time to satisfy his obligations and that the failure to make payments to the circuit clerk's office was inexcusable.
Counsel correctly explains why the circuit court's decision is not clearly against the preponderance of the evidence. Although Riley offered various excuses, the circuit court did not find these excuses reasonable given the many opportunities afforded to Riley to make payments and his ability to work a full-time job. If the alleged violation involves the failure to pay court-ordered fines and costs, the court may revoke probation if it finds the defendant has failed to make a good-faith effort to pay the obligation. London v. State , 2017 Ark. App. 585, 534 S.W.3d 758.
From our review of the record and the brief presented to us, we find that counsel has complied with the requirements of Rule 4-3(k)(1) and hold that there is no merit to this appeal. Accordingly, we affirm the revocation of Riley's probation and grant counsel's motion to withdraw.
Vaught and Murphy, JJ., agree.