BART F. VIRDEN, Judge
The Crittenden County Circuit Court revoked appellant Jamari Kashard Moten's probation and sentenced him to twenty years' imprisonment. Moten filed a timely notice of appeal from the revocation. Defense counsel has filed a motion to withdraw on the basis that there is no merit to an appeal. Pursuant to *898 Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4-3(k), counsel's motion to withdraw was accompanied by a brief that lists all rulings that were decided adversely to Moten with an explanation why each adverse ruling is not a meritorious ground for appeal. Moten was provided with a copy of counsel's brief and notified of his right to file pro se points for reversal. Moten has not filed any pro se points. We affirm the revocation of Moten's probation and grant counsel's motion to withdraw.
On August 6, 2015, Moten pleaded guilty to residential burglary and was placed on five years' probation subject to various terms and conditions. On February 1, 2017, the State filed a petition to revoke Moten's probation, alleging that he had failed to pay fines, costs, and fees; failed to report to his probation officer; failed to pay probation fees; failed to notify the probation office of his current address and employment; failed to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law; and tested positive for benzodiazepines, THC, heroin/opiates, and oxycodone. On May 18, 2017, the State amended its petition to add that on October 23, 2016, Moten committed first-degree battery and second-degree unlawful discharge of a firearm from a vehicle. Following a hearing on the State's petition, the trial court found that Moten had violated multiple conditions of his probation and sentenced him to a term of imprisonment.
The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. Wright v. State , 2015 Ark. App. 300, 2015 WL 2149417. Defense counsel asserts that the only adverse ruling was the trial court's denial of Moten's motion for directed verdict.[1] The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation. Trotter v. State , 2015 Ark. App. 408, 465 S.W.3d 860.
Here, there was testimony from Jennifer Clements, Moten's probation officer, that Moten had failed to report to her at least six times, that he had tested positive for controlled substances on numerous occasions, and that he still owed $260 in probation fees. Anitra Thompson, an employee of the Crittenden County Sheriff's Office, testified that Moten owed $ 1,040 in fines, costs, and fees but that he had made no payments. Furthermore, Donaris Payne testified that in October 2016 he was at a family barbeque when Moten pulled up in a vehicle with two other men, asked if he wanted to buy marijuana, and then shot him in the shoulder.
Moten himself testified at the probation-revocation hearing. He said that he had been paying his probation fees but had forgotten about his fine and costs. He admitted that he had failed to report to his probation officer "a lot of times." Moten claimed that he had been prescribed amphetamines and benzodiazepines for "bad teeth." Finally, he insisted that he had not shot Payne-either Payne was lying or had mistaken him for someone else.
Defense counsel adequately explained why the adverse ruling-the revocation of Moten's probation-does not provide a meritorious ground for appeal.[2] We find *899 that defense counsel has complied with Rule 4-3(k) and that the appeal is without merit. Accordingly, we affirm the revocation of Moten's probation and grant counsel's motion to withdraw.
Affirmed; motion to withdraw granted.
Gladwin and Whiteaker, JJ., agree.

Because this was a nonjury trial, defense counsel's directed-verdict motion was a motion for dismissal. Ark. R. Crim. P. 33.1(b).

The record shows that after the probation-revocation hearing, Moten filed pro se motions requesting that an appeal bond be set; however, it does not appear that the trial court ruled on the motions. Even if Moten had gotten a ruling on those motions, because we affirm his revocation, any argument pertaining to the denial of an appeal bond would be moot. Rose v. State , 2018 Ark. App. 446, 558 S.W.3d 415.