Cite as 2021 Ark. App. 483

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-21-328

| | | |
|---|---|---|
| JENNIFER GOAD | | **Opinion Delivered** December 8, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-16-207] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ALEX GUYNN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Jennifer Goad appeals the Jefferson County Circuit Court's revocation of her probation. On appeal, Goad argues that the evidence was insufficient to show that she willfully and inexcusably violated the terms and conditions of her probation. We affirm.

On June 6, 2017, Goad pled guilty to delivery of a controlled substance, and she was sentenced to thirty-six months' probation. On December 9, 2019, the State filed a petition to revoke her probation. The State alleged that Goad had failed to report and had failed to pay fees.

On October 12, Goad petitioned for a fitness-to-proceed examination, and on October 16, the court granted the petition. On March 5, 2021, the forensic-evaluation report was filed the with court, and it stated that Goad was competent to proceed with the revocation proceedings.

On April 6, the court held a revocation hearing. Dameteria Rochelle testified that she is Goad's probation officer, and from July 2019 through August 2020, Goad failed to report in twelve of the fourteen months. She specifically stated that Goad had failed to report on July 5, September 4, September 5, September 12, November 7, November 13, and November 15, 2019. Rochelle explained that she had mailed Goad missed-appointment letters on July 5, September 6, and November 8, 2019. She also stated that on October 3 and November 14, she conducted home visits and advised Goad of her failure to report. She further testified that as of November 5, 2019, Goad had paid about $160 in fines, fees, and costs but that she owed $1665.

On cross-examination, Rochelle testified that in October 2018, the State waived Goad's community-service requirement because Goad's physician had found Goad incapable of working and incapable of walking for more than fifteen minutes at a time due to her poor physical health. Rochelle further discussed her November 14, 2019 home visit to Goad's residence, and she stated that Goad appeared emotional and did not know what day it was.

Rochelle stated that Goad lived about two miles from the probation office but that Goad was unable to walk to the office due to her health conditions. She testified that Goad had reported scarce financial resources, but she had a vehicle and cell phone. Rochelle also acknowledged that she had received notification that Goad had been in homeless shelters. Rochelle stated that a shelter had notified her that Goad had been sexually assaulted, but she noted that Goad had not reported the assault to the probation office. Rochelle testified that

2

Goad has mental issues and that she had encouraged Goad to attend mental-health counseling.

Goad testified that she had lived in the same residence about two miles from the probation office from July 2018 through May 2020 and that her mother and brother own the home.[1] She stated that she had a vehicle in November and December 2019 but that the vehicle had issues because "[s]omebody had put a tracking device on it. And it would cause the computer systems to shut down. And so I was unable to drive it." She stated that she was unable to drive the vehicle from January through August 2020, and she noted that the vehicle was stolen from her yard in May 2020.

As to failing to report in November and December 2019 and January through August 2020, Goad testified that she had reported in November, but she was not given a return date for December. She further testified that she had informed the probation office that she could not report in May 2020 because she did not have electricity or water. She noted that she had kept warm by sitting in her running car. She testified that she eventually became homeless and had sought refuge at homeless shelters. Goad stated that while she was homeless, a man sexually assaulted her and that "he kept me for three days." She testified that she had a prepaid cell phone at times in 2019 and 2020, but she could not remember the dates.

As to her health, Goad testified that she had had hip-replacement surgeries, a surgery for an infection in the hip replacement, knee surgery, carpal-tunnel surgery, back surgeries,

---

[1]At times, Goad's testimony is difficult to follow, and the court described the testimony as "rambling."

and a mass removed from her chest. She also stated that she has degenerative disc disease, fibromyalgia, and mitral valve prolapse. She testified that from 2018 through 2019, she did not receive Social Security or disability benefits.

At the conclusion of the hearing, the court revoked Goad's probation and sentenced her to thirty-six months in the Arkansas Department of Correction. The court expressed concerns about Goad's mental health but noted that she had been deemed competent to proceed following a forensic evaluation. The court further stated that it revoked Goad's probation "not for being broke" but for "her blatant disregard for the process." This appeal followed.

A circuit court may revoke a defendant's probation prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of the probation. Ark. Code Ann. § 16-93-308 (Supp. 2021); *Miller v. State*, 2011 Ark. App. 554, 386 S.W.3d 65. Evidence that would be insufficient for a criminal conviction may be sufficient for the revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions of her probation. *Major v. State*, 2012 Ark. App. 501. On appeal, we will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Ferguson v. State*, 2016 Ark. App. 4, 479 S.W.3d 588. Moreover, we must defer to the superior position of the circuit court to determine questions of credibility and the weight to be given the evidence. *Id.* The circuit court is not required to believe the defendant's testimony because the defendant is the person

4

most interested in the outcome of the hearing. *Rhoades v. State*, 2010 Ark. App. 730, 379 S.W.3d at 661.

On appeal, Goad argues that the circuit court erred by finding that she willfully and inexcusably violated the terms and conditions of her probation. She argues that the evidence shows that she did not have sufficient funds to pay the fines or to obtain transportation to report to the probation office. She additionally asserts that her poor health prevented her from walking to the probation office.

We hold that the preponderance of the evidence supports the circuit court's revocation of Goad's probation for failing to report. Although Goad's testimony at the revocation hearing is difficult to follow, the evidence shows that Goad had a functioning vehicle, but she failed to report to the probation office—located only two miles from her residence. Goad's probation officer further testified that she informed Goad both in person and by mail to report, and Goad admitted that she had a cell phone. We have held that, despite a lack of resources, an appellant's failure to report was inexcusable when the appellant failed to put forth "even a modicum of effort." *See Holmes-Childers v. State*, 2016 Ark. App. 464, 504 S.W.3d 645. We find the circumstances similar in this case, and we affirm the revocation of Goad's probation.

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.