Cite as 2022 Ark. App. 41

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR–21–409

| | | |
|---|---|---|
| WILLIE LOCKETT, JR. | | **Opinion Delivered** February 2, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-10-1128] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. |
| | APPELLE | CLAWSON III, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Willie Lockett, Jr., appeals the Faulkner County Circuit Court order revoking his probation. On appeal, Lockett argues that the circuit court erred by finding that he willfully violated the conditions of his probation. We affirm.

On January 14, 2013, Lockett pled nolo contendere to second-degree domestic battery. He was sentenced to seventy-two months' probation. On September 28, 2018, the court found that Lockett had violated his probation and sentenced him to an additional twelve months' probation. On February 14, 2020, the court again found that Lockett had violated his probation and sentenced him to an additional twelve months' probation.

On June 16, the State filed a third petition to revoke Lockett's probation alleging that he evaded supervision, failed to cooperate with the probation office, and failed to pay fees and court fines.

On March 1, 2021, Lockett petitioned for a fitness-to-proceed examination, and on March 2, the court ordered the examination. On April 14, a forensic examination in which Dr. Ed Stafford found Lockett fit to proceed with the revocation proceedings was filed in the circuit court.

The court held a revocation hearing on May 28. At the hearing, Preston Jones testified that he was Lockett's probation officer from 2014 through June 2020. He explained that following Lockett's probation revocation in February 2020, Lockett did not show for community service at the Forrest City Police Department in March 2020. He stated that on March 23, a letter was sent to Lockett directing him to report on March 26 and to pay his $350 delinquent supervision fee but that Lockett did not report. Jones testified that on April 1, an officer conducted a home visit at Lockett's residence, but no one was home. The officer left a note directing Lockett to report on April 6, but Lockett did not report. Jones explained that on May 20, an officer called Lockett, but no contact was made.

On cross-examination, Jones explained that he worked in the Faulkner County office but that Lockett's supervision was transferred to the St. Francis County office in February 2020 because Lockett moved to live with his family. Jones further acknowledged that Lockett has mental-health issues, but Jones testified that Lockett understood the directions to report for probation.

Lockett testified that he had been diagnosed with schizophrenia and intellectual disabilities. He stated that he takes four different medications and that when he does not take the medications, he has a "problem talking to myself, I have a problem jumping and shaking. I catch a lot of dizzy spells. I have to shake my head real hard in order for me to sleep." He stated that he also has difficulties understanding and taking instructions.

2

Lockett stated that he appeared for community service at the Forrest City Police Department but that "no one ever showed up" and that he also reported to probation in Forrest City on two occasions, but he could not recall the exact dates. Lockett testified that he did not thereafter follow up with probation. He stated, "I was never supposed to be on probation in the first place. Little Rock State Hospital diagnosed me [with] schizophrenia and mental retarded."

On cross-examination, Lockett acknowledged that Jones gave him probation instructions and that he understood those instructions. He stated that he reported for community service at the police department, and when no one showed up, "[he] just decided to stop reporting."

Following Lockett's testimony, he moved to dismiss the petition to revoke and argued that because he has mental illnesses, he did not willfully violate his probation. The court denied the motion and revoked Lockett's probation. The court sentenced him to sixty months in the Arkansas Department of Correction. This appeal followed.

On appeal, Lockett argues that the circuit court erred by finding that he willfully violated his probation conditions because he suffers from mental illnesses. He concedes that Dr. Stafford's psychiatric evaluation found him fit to proceed, but he relies on his testimony that he had difficulties following instructions because of his mental illnesses.

A circuit court may revoke a defendant's probation prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of his probation. Ark. Code Ann. § 16-93-308 (Supp. 2021); *Miller v. State*, 2011 Ark. App. 554, 386 S.W.3d 65. Evidence that would be insufficient for a criminal conviction may be sufficient for the revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). The State bears the burden

3

of proof, but it need only prove that the defendant committed one violation of the conditions of his probation. *Major v. State*, 2012 Ark. App. 501. We will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Ferguson v. State*, 2016 Ark. App. 4, 479 S.W.3d 588. Moreover, we must defer to the superior position of the circuit court to determine questions of credibility and the weight to be given the evidence. *Id.* The circuit court is not required to believe the defendant's testimony because the defendant is the person most interested in the outcome of the hearing. *Rhoades v. State*, 2010 Ark. App. 730, at 3, 379 S.W.3d 659, 661.

In this case, we hold that the circuit court did not clearly err by finding that Lockett willfully failed to comply with the conditions of his probation. The psychological evaluation found Lockett fit to proceed with the revocation proceedings, and Lockett did not object to the proceedings until he testified at the revocation hearing. Further, at the revocation hearing, Lockett testified that he understood the directions to report for probation, and he decided to stop reporting. In light of the deference we afford to the circuit court to determine the credibility of witness testimony, we find no error. Accordingly, we affirm the revocation of Lockett's probation.

Affirmed.

BARRETT and BROWN, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker H. Hawkins*, Ass't Att'y Gen., for appellee.