Cite as 2025 Ark. App. 36

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-23-566

| | | |
|---|---|---|
| DAVID HIGHTOWER | | Opinion Delivered January 29, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-20-1044] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRAD KARREN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED AS MODIFIED |

**RAYMOND R. ABRAMSON, Judge**

Pro se appellant David Hightower appeals the Benton County Circuit Court's order denying his postconviction motion to modify the no-contact order that was part of his plea agreement in case number 04CR-20-1044. On appeal, Hightower argues the circuit court lacked statutory authority to impose an extended postconviction no-contact order. We affirm as modified.

In 2020, when Hightower was in custody at the Benton County Detention Center, Leah Brasuell solicited him to "carry out a hit" on Tristan Tiarks.[1] When interviewed by

---

[1]Tiarks had been sentenced to thirty years' imprisonment for having assaulted, raped, and battered Brasuell's three-year-old daughter. *See Tiarks v. State*, 2021 Ark. App. 325, 633 S.W.3d 788.

police, Brasuell admitted that, at her direction, Hightower attempted to orchestrate the beating of Tiarks "half to death" by other inmates.

Hightower subsequently was charged in Benton County Circuit Court case number 04CR-20-1044 with conspiracy to commit first-degree battery. He appeared before the circuit court and pleaded guilty to this crime—along with several other pending charges—on April 6, 2021. As reflected in his signed plea documents, Hightower admitted he was guilty of Class A felony conspiracy to commit first-degree battery in 04CR-20-1044; he had violated the conditions imposed for multiple earlier probationary sentences; and, as charged in other cases, he had committed commercial burglary, felon in possession, nonfinancial identity fraud, twice dangerously fled from officers, and fifteen counts of forgery.

Hightower's negotiated plea provided that he would be sentenced to serve a total of twenty-five years' imprisonment and that the circuit court would suspend imposition of his sentence for some of his crimes, including for a twenty-year period for his conspiracy offense in 04CR-20-1044. The terms and conditions imposed on his suspended sentence required, in part, that Hightower have "[n]o contact with . . . Leah Brasuell" and "not associate with persons who have felony criminal records[.]"

Following entry of his plea, Hightower filed a pro se petition on March 9, 2023, to remove the condition of his suspended sentence that he have no contact with Brasuell. Hightower filed an amended petition on March 20 in which he further argued that the condition amounted to an unauthorized extended postconviction no-contact order in violation of Arkansas Code Annotated section 5-4-106 (Supp. 2021).

2

The circuit court considered Hightower's petition at a hearing on May 25, 2023. Hightower called his defense attorney in the underlying case as a witness, but the circuit court sustained hearsay objections after Hightower asked whether the State had represented during plea negotiations that it would not object to the later removal of the condition involving Brasuell.

Hightower did not assert any basis for permitting these out-of-court statements, and the State asserted it was not amenable to his motion because he had agreed to this condition as part of his plea. Further, the State argued another condition would still preclude contact with Brasuell because she is a convicted felon, which rendered his motion moot. Hightower reiterated that this condition of his suspended sentence was not authorized by Arkansas Code Annotated section 5-4-106 because Brasuell was not the victim in the case, and the conspiracy charge was not a covered offense.

At the hearing's conclusion, the circuit court denied Hightower's request to amend the conditions of his suspended sentence and entered an order to that effect on June 5, 2023. Hightower has now filed a pro se appeal from the denial of his motion to remove the condition that he have no contact with Brasuell imposed on his suspended sentence in 04CR-20-1044.

On appeal, Hightower couches his claims as eight separate points, but essentially it boils down to two: (1) because Brasuell did not qualify as the victim for purposes of Ark. Code Ann. § 5-4-106, this condition rendered his suspended sentence illegal, and the circuit

court lacked the authority to impose it; and (2) his defense attorney's proposed testimony as to the plea discussions regarding this condition was not hearsay.

We turn first to Hightower's argument that the provision contained in his plea agreement and sentencing order that he have no contact with Brasuell is an illegal sentence. He maintains that this constitutes an extended postconviction no-contact order, which must comport with the requirements provided in section 5-4-106 of the Arkansas Code. In Arkansas, sentencing is entirely a matter of statute. *See* Ark. Code Ann. § 5-4-104 (Supp. 2021); *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909. We view an issue of a void or an illegal sentence as one of subject-matter jurisdiction in that it cannot be waived by the parties and may be addressed for the first time on appeal. *Norton v. State*, 2018 Ark. App. 507, 563 S.W.3d 584; *Holmes-Childers v. State*, 2016 Ark. App. 464, 504 S.W.3d 645. A sentence is void or illegal when the circuit court lacks the authority to impose it. *Holmes-Childers*, *supra.*

The State argues that the no-contact provision is a condition of Hightower's suspended sentence, and "[a] circuit court's power to impose terms and conditions of suspension is established in Ark. Code Ann. § 5-4-303[.]" *Harness v. State*, 352 Ark. 335, 343, 101 S.W.3d 235, 241 (2003). Pursuant to Arkansas Code Annotated section 5-4-303(a) (Supp. 2021), a circuit court is expressly authorized to "attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life" when it imposes a suspended sentence. Specifically, section 5-4-303(c)(4) further denotes, as a condition of suspended sentence, that a circuit court "may require that the defendant . . . [r]efrain from . . . consorting with a designated person[.]" Ark. Code Ann. § 5-4-303(c)(4). Therefore, the

4

State maintains, the circuit court was clearly authorized to condition Hightower's sentence on him not consorting--that is, having contact--with Brasuell for the duration of his twenty-year suspended sentence in case number 04CR-20-1044.

Having reviewed the record, we note that had the no-contact order been attached to Hightower's sentence, it would be an illegal sentence under section 5-4-106. As such, absent any other statutory authority, the circuit court lacked the authority to include the no-contact provisions for these convictions as an extended postconviction no-contact order in the sentencing order, and Hightower's argument has some merit. *See Richie*, *supra* (holding a sentence of incarceration with a special condition that defendant complete a drug program was an illegal sentence). However, we hold that the facts of this case are more akin to the facts in *Seamster v. State*, 2009 Ark. 258, 308 S.W.3d 567, in which our supreme court held that an order to complete a sex-offender treatment program (RSVP)was a condition of a suspended sentence and not a condition of imprisonment.

In *Seamster*, the defendant argued that the requirement to complete RSVP was not included in the express conditions of his suspended imposition of sentence (SIS). The supreme court noted that a section of the SIS agreement located immediately preceding Seamster's signed acknowledgment titled "Special Conditions" included the requirement that he complete an aftercare program at the recommendation of the RSVP program. In reviewing the record, the high court observed that the conclusion—that completion of RSVP was a requirement of the SIS condition regarding the aftercare program—was reinforced by the fact that Seamster's signed plea agreement required him to complete RSVP.

5

Furthermore, the supreme court noted that the circuit court's judgment and commitment order included additional terms that listed the terms of the SIS, including the requirement that Seamster complete the RSVP program prior to release. *Seamster*, 2009 Ark. 258, at 5–6, 308 S.W.3d at 570 ("[J]udgments are generally construed like other instruments and the determinative factor is the intention of the court, gathered from the judgment itself and the record, including the pleadings and the evidence." (quoting *Lewis v. State*, 336 Ark. 469, 475, 986 S.W.2d 95, 98 (1999))).

Here, the SIS contract contains a provision at the end that states that Hightower "shall abide by every requirement set out in the Court's Order, which is incorporated by reference herein as if set out verbatim." The plea agreement includes the provision that Hightower have no contact with Brasuell. The sentencing order refers to the "attached for further orders" in the "Additional Info" space. The attachment was titled "Additional Terms of Sentence." We note that paragraphs 4 and 5 of the additional terms repeat the only two "additional conditions" set forth in Hightower's plea agreement: evaluation for alcohol and substance abuse and no contact with Brasuell and Tiarks.

Under the reasoning in *Seamster*, we find that incorporation of the terms of the sentencing order into the SIS contract would make the additional terms of sentence attached to the order part of the contract, and the inclusion of the no-contact provision in the plea agreement is further evidence that the provision is a condition of Hightower's SIS. Therefore, in the interest of judicial economy and because we hold that the no-contact order

6

is permissible under Arkansas Code Annotated section 5-4-303, we will clarify in lieu of remanding it to the circuit court.

A circuit court may clearly place conditions on a defendant when the court suspends the imposition of sentence or places the defendant on probation. *Richie*, 2009 Ark. 602, at 7, 357 S.W.3d at 913; Ark. Code Ann. § 5-4-303(a) ("If a court suspends imposition of sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life."). Section 5-4-303(c)(4) expressly permits a prohibition on communicating with a specific person: "If the court suspends imposition of sentence on a defendant or places him or her on probation, as a condition of its order the court may require that the defendant . . . [r]efrain from frequenting an unlawful or designated place or consorting with a designated person[.]"

Here, Hightower entered into a negotiated plea agreement that contained the provision that he have no contact with Brasuell; we find that condition falls under the requirements as set forth in Arkansas Code Annotated section 5-4-303 and is thereby permissible. Because we hold that the no-contact provision is part of the conditions of Hightower's SIS in his conspiracy conviction, we affirm as modified to clarify.

For his remaining points, Hightower argues that the circuit court erred by sustaining hearsay objections when he attempted to elicit testimony from his attorney about the parties' plea discussions regarding the conditions of his suspended sentence. On appeal, Hightower proposes that the testimony was not barred by the hearsay rule, but he waived these

evidentiary claims by failing to assert them during the hearing. *See, e.g.*, *Goins v. State*, 2019

Ark. App. 11, at 7, 568 S.W.3d 300, 304. Accordingly, we affirm.

Affirmed as modified.

GLADWIN and THYER, JJ., agree.

*David Hightower*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.