Cite as 2021 Ark. App. 198

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-552

SHAWN C. SIVILS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** April 28, 2021

APPEAL FROM THE FAULKNER
COUNTY CIRCUIT COURT
[NO. 28CR-18-1425]

HONORABLE CHARLES E.
CLAWSON III, JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

Shawn Sivils appeals the Faulkner County Circuit Court's revocation of his probation. We affirm.

On January 3, 2020, Sivils pled guilty to aggravated assault of a family or household member and terroristic threatening in case No. 23CR-18-1425, and he pled guilty to impairing operation of vital public facility in case No. 23CR-18-1467. He was sentenced to seventy-two months' probation for each of the three offenses. Pursuant to the negotiated plea agreements in the two cases, the State nolle prossed several other charges against Sivils. At the guilty-plea hearing, Sivils indicated that he understood that the terms of his probationary sentences required him to complete the Jumpstart Ministries program and comply with all other conditions of probation in both cases. He also confirmed that he understood that the failure

to comply with any of the conditions of his probation could result in his being sentenced to the maximum penalty in both cases.

On May 22, 2020, the State filed a petition to revoke Sivils's probation in both cases, alleging that he failed to complete the Jumpstart Ministries program and that he tested positive for THC. At the revocation hearing, W.J. Tobias, a probation officer with the Arkansas Department of Community Corrections, testified that on or about May 14, 2020, Sivils tested positive for THC. The office coordinator for Jumpstart Ministries, Chris Parris, testified that Sivils was dismissed on April 1, 2020, for "medical purposes," before he completed the program. Parris stated that Jumpstart Ministries had attempted to get Sivils admitted to a group living facility where he could get treatment for mental-health and behavioral problems.

Sivils moved to dismiss the petition for revocation, arguing that there was no evidence that he had left Jumpstart Ministries voluntarily. The court, speaking from the bench, verbally indicated that Parris had testified to that fact and asserted that Jumpstart Ministries had found or was looking for another facility to which Sivils could be sent, and "he left," meaning he quit the program voluntarily. Defense counsel argued that there had been no testimony to that effect, and the court responded, "I know what my notes say and what I heard."

The court then found that Sivils had willfully violated the terms and conditions of his probation, and it revoked his probation. In a colloquy with defense counsel prior to sentencing, the court acknowledged that Sivils was mentally impaired due to a brain injury. The court also expressed the desire to be able to send Sivils to a facility like the state hospital for inpatient psychiatric treatment but noted that such an option was not available and that "they have mental health facilities in the penitentiary."

The court then sentenced Sivils to ten years in the Arkansas Department of Correction (ADC) in case No. 23CR-18-1467, in which he pled guilty to impairing the operation of a vital public facility, a Class C felony. It also sentenced him to six years in the ADC on each of the Class D felonies to which he pled guilty in case No. 23CR-18-1425, to run concurrently. This appeal follows.

A circuit court may revoke a defendant's probation at any time prior to its expiration if the "court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her . . . probation." Ark. Code Ann. § 16-93-308(d) (Supp. 2019). A preponderance of the evidence is convincing evidence that is more probably accurate and true when weighed against the evidence opposed to it. *Payne v. State*, 2017 Ark. App. 265, at 2, 520 S.W.3d 699, 701. The State has the burden of proving that the defendant violated a condition of probation; however, it is only required to establish one violation to sustain the revocation. *Baney v. State*, 2017 Ark. App. 20, at 2, 510 S.W.3d 799, 801.

Once the State introduces evidence of noncompliance, the defendant bears the burden of presenting a reasonable excuse for violating the conditions of probation. *Scroggins v. State*, 2019 Ark. App. 346, at 4, 582 S.W.3d 853, 856. Whether a good-faith effort has been made to fulfill a condition of a probationary sentence is a question of fact to be determined by the circuit court. *Ramsey v. State*, 60 Ark. App. 206, 210–11, 959 S.W.2d 765, 768 (1998). We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492–93. Evidence that would not support a criminal conviction in the first instance may be enough to revoke

probation or a suspended sentence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Id.*

Sivils's first point on appeal is that the State failed to prove that he voluntarily left the Jumpstart Ministries program or that his probation officer ordered him to submit to any other program.[1] He correctly asserts that the only evidence presented at trial was that Jumpstart Ministries dismissed him from the program for "medical purposes." There was no testimony that Sivils left on his own or that he was ever ordered to report to any other program or facility and refused to do so.

The State argues that because completing the program was a requirement of Sivils's probation, he violated that condition when he was dismissed from the program, regardless of the reason. It notes that because it demonstrated a violation, the burden shifted to Sivils to prove that the violation was excusable. *Scroggins*, 2019 Ark. App. 346, at 4, 582 S.W.3d at 856. The State argues that because Sivils failed to testify or present any evidence as to why he could not complete the program, he failed to carry the burden of proving that his violation was excusable. The State also contends that this case is akin to *Ross v. State*, 22 Ark. App. 232, 234–35, 738 S.W.2d 112, 113 (1987), in which we affirmed the revocation of Ross's probation despite his argument that his alcoholism prevented him from completing a program required as a condition of his probation.

---

[1]Sivils also asserts that the State failed to produce a written order requiring him to complete the Jumpstart Ministries program. However, he does not dispute the fact that the conditions of probation required him to "submit to . . . any rehabilitative, medical, counseling, or psychiatric program deemed necessary by the Probation Office for such period of time as may be recommended by the treating agency," and at trial, he never contended that he had not been required to complete Jumpstart Ministries. This argument is both unpreserved and undeveloped on appeal.

We agree with Sivils on this point. The State failed to demonstrate a violation sufficient to shift the burden to Sivils to provide evidence that his failure to complete the Jumpstart Ministries program was excusable. Here, the only evidence was his dismissal from Jumpstart Ministries based on the program's decision that it could not accommodate his mental-health needs. The State presented no evidence indicating that Sivils ever refused to attend or participate in any program. Therefore, the court's insistence that he left the program voluntarily was clearly against the preponderance of the evidence.

However, the court also found that Sivils violated the terms and conditions of his probation by using illegal drugs, and the State need only show that the defendant committed one violation in order to sustain a revocation. *Stewart v. State*, 2018 Ark. App. 306, at 3, 550 S.W.3d 916, 917. There was testimony that Sivils tested positive for THC while on probation. On appeal, Sivils now argues that (1) the test did not prove that he actually used the drug, and (2) the test did not prove that his use of the drug was illegal. He claims that the positive test result could have been due to legal ingestion of a drug versus legal ingestion of a cannabis-containing product. This argument has no merit. As discussed above, once the State proved a violation, which it did here by presenting evidence of a positive drug test, the burden shifted to Sivils to demonstrate that the violation was excusable. He had the opportunity to present evidence at trial to support the claims he now makes on appeal, but he failed to do so.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

5