Cite as 2023 Ark. App. 474

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-54

| | | |
|---|---|---|
| | | **Opinion Delivered** October 25, 2023 |
| TIMOTHY RILEY | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR-21-703] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Timothy Riley appeals from the Craighead County Circuit Court's order revoking his probation and sentencing him to six years in the Arkansas Department of Correction. On appeal, Riley argues that the circuit court erred in revoking his probation, alleging that the State did not present evidence sufficient to prove that he failed to lead a law-abiding life. We affirm.

On April 26, 2022, Jonesboro Police Officer Jacob Lowry was on routine patrol in a high drug area when he observed the car in which Riley was a passenger. Officer Lowry ran the license plate of the car and found that it was not covered by insurance. He initiated a traffic stop and obtained the driver's license of the occupants, Tasha Hill and Timothy Riley. A check of Riley's driver's license revealed Riley was on probation after pleading guilty to

Class D felony possession of a firearm by certain persons six months earlier. Hill was asked if she consented to a search of her vehicle, which she granted. A 9mm handgun was located in the center console. Officer Lowry then searched both Riley and Hill. Officer Lowry found a small bag of suspected cocaine in Riley's pants pocket. Officer Lowry explained that when he first found the cellophane bag commonly called a "corner bag," he called it a "bag of meth." But Riley corrected him, telling him, "That's not meth. That's powder," which is a street term for cocaine. Officer Lowry found hydrocodone in Hill's wallet and oxycodone was found in a pill bottle on Hill's person. Riley told Officer Lowry that "anything found in the car" belonged to him. At the scene, Hill claimed that Riley had handed her the pill bottle and told her to hide it. When asked, Riley made another statement taking responsibility for the pills in Hill's possession.

A hearing was held on the petition for revocation on October 6, 2022. The circuit court took judicial notice of the case file, including Riley's sentencing order and the signed terms and conditions of his probation. The conditions included prohibitions on possessing controlled substances, possessing firearms, and committing new criminal offenses. Riley chose to invoke his Fifth Amendment right to refuse to testify at the revocation hearing.

A circuit court may revoke a defendant's probation prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308 (Supp. 2015); *Miller v. State*, 2011 Ark. App. 554, at 11, 386 S.W.3d 65, 71. Evidence that would be insufficient for a new criminal conviction may be sufficient for the revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d

2

869 (2001). The State bears the burden of proof, but it needs only prove that the defendant committed one violation of the conditions of probation. *Major v. State*, 2012 Ark. App. 501, at 4. In *Ferguson v. State*, 2016 Ark. App. 4, at 3, 479 S.W.3d 588, 590, we explained that "on appeal, we will not reverse the trial court's decision to revoke unless it is clearly erroneous, or clearly against the preponderance of the evidence." Moreover, we must defer to the superior position of the trial court to determine questions of credibility and the weight to be given the evidence. *Id.*, 479 S.W.3d at 590.

A preponderance of the evidence is convincing evidence that is more probably accurate and true when weighed against the evidence opposed to it. *E.g.*, *Sivils v. State*, 2021 Ark. App. 198, at 3, 623 S.W.3d 138, 140. Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004); *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311.

Riley argues there was insufficient evidence to tie him to the actual possession of the firearm and to the illegal substances found during the search following the traffic stop, and the finding that he was in constructive possession of the firearm could only be speculation or conjecture. However, the State has the burden of proof but need only prove one violation of the conditions of probation. *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190. In this case, Officer Lowry's undisputed testimony that appellant had in his possession a plastic bag of white powder that Riley admitted was cocaine was alone sufficient to support the revocation of his probation.

The court did not specify the conditions that were found to support revocation but made a blanket announcement that Riley had violated the terms and conditions of his probation and sentenced him to six years in the Arkansas Department of Correction. In *Wiley v. State*, 2022 Ark. App. 490, at 5, 655 S.W.3d 751, 754 (citing *Stewart v. State*, 2018 Ark. App. 306, at 3, 550 S.W.3d 916, 918), the court stated, "[W]hen multiple new crimes are alleged, and the circuit court made no specific findings as to which offense it relied on, we will affirm if there is sufficient evidence to establish as least one of the alleged violations." In this case, we find the possession of the cocaine taken from Riley's pocket was sufficient to establish violation of at least one of the conditions of probation.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.