Cite as 2024 Ark. App. 233

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-512

| | | |
|---|---|---|
| | | **Opinion Delivered** April 3, 2024 |
| COREY THOMAS | | |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-21-869] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, JUDGE |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Corey Thomas appeals from an order of the Craighead County Circuit Court revoking his probation and sentencing him to a total of twelve years in the Arkansas Department of Correction followed by six years' suspended imposition of sentence. On appeal, Thomas argues that the evidence was insufficient to support the revocation. We affirm.

On June 3, 2022, Thomas pleaded guilty to breaking or entering, theft of property, and possession of a controlled substance. He was sentenced to six years' probation. In part, the terms and conditions of Thomas's suspended sentence required him to not commit any new offenses or possess any controlled substances.

On October 18, 2022, the State filed a petition to revoke Thomas's suspended sentence, alleging that, on September 29, Thomas was arrested for the felony offenses of possession a controlled substance—cocaine, less than two grams; and possession of drug paraphernalia. A supplemental

revocation petition was filed on December 5, alleging that Thomas had violated the conditions of his probation by failing to live a law-abiding life. Specifically, the petition alleged that Thomas had failed to report to his supervising officer, lied to his supervising officer about his residence, failed to make payments on his fines and court costs, and committed new felony offenses. On March 10, 2023, the State filed another supplemental petition for revocation of Thomas's probation. In this third revocation petition, the State further alleged that on February 17, Thomas had violated the conditions of his probation by unlawfully possessing a firearm and drug paraphernalia—a digital scale with cocaine residue; and committed the offense of theft by receiving. After the April 6 hearing on the revocation petition, the circuit court entered an order revoking Thomas's suspended sentence.

A court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the probation.[1] A preponderance of the evidence is convincing evidence that is more probably accurate and true when weighed against evidence opposed to it.[2] Evidence that would be insufficient for a new criminal conviction may be sufficient for the revocation of probation.[3] The State has the burden of proving that a condition of probation was violated.[4] The State need only show that the defendant committed one violation in order to sustain

---

[1]Ark. Code Ann. § 16-93-308(d) (Supp. 2021).

[2]*Sivils v. State*, 2021 Ark. App. 198, 623 S.W.3d 138.

[3]*Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001).

[4]*Baker v. State*, 2016 Ark. App. 468.

a revocation.[5]  We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[6]  We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[7]

At the revocation hearing, Officer Machel Starnes of the Jonesboro Police Department testified that on September 29, 2022, he made contact with Thomas after watching him walk in the roadway, although there was a sidewalk present.  Once he learned that Thomas was on probation, Officer Starnes conducted a probation search of Thomas's person.  Inside the left pocket of his jacket, Officer Starnes found a folded twenty dollar bill with a white powdery substance that, on the basis of his experience, he believed to be cocaine.  He placed Thomas under arrest and proceeded to Thomas's residence for a probation search.  During the search of Thomas's apartment, Officer Starnes found multiple digital scales and a bag containing a white powdery substance.  Thomas's wife was present during the search of the residence.

Officer Tanner Huff testified that on February 17, 2023, he responded to a "shots heard call" at Thomas's address.  Officer Huff stated that on arrival, he could hear a couple arguing inside; he recognized Thomas's voice from previous interactions.  He explained that he went to the back of the apartment because Thomas was known to flee.  When he walked back around to the front door, Officer Huff witnessed other officers "wrestling with Mr. Thomas and trying to get him in cuffs."  Once Thomas was secured in cuffs, officers found shell casings directly in front of the apartment

[5]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

[6]*Baker*, *supra*.

[7]*Id*.

3

door; one of the shell casings was to a 9mm handgun. Officer Huff testified that during the search of Thomas's apartment, in the kitchen area, he found a digital scale with a white powdery substance on it that he suspected to be cocaine residue. He also discovered different types of ammunition and approximately half a gram of marijuana on the kitchen counter. Officer Huff testified that the young children present in the home during the search live there with Thomas and his wife.

Investigator Michael Steele testified that on February 17, he saw other officers struggling with Thomas as Thomas attempted to shield himself using one of the children to avoid being placed in handcuffs. He stated that Thomas was holding the small child in front of him, and "as we moved around he would shift his body behind the child." Investigator Steele testified that after Thomas was handcuffed, he stayed outside with him as other officers searched the residence. While outside, Investigator Steele saw a shell casing in front of the apartment door.

Officer Corey Obregon testified last. He stated that on February 17, he responded to Thomas's residence to assist other officers. When he arrived, Officer Obregon saw that Thomas was already in handcuffs and was yelling. While searching a bedroom, Officer Obregon found a black firearm hidden in a basket of clothing underneath a bed frame.

Thomas moved for a directed verdict, arguing that "the State has failed to prove by a preponderance of the evidence that [Thomas] was the – – he was not the only one in the residence, by the testimony. He was also – – the residence had other people in them so the drugs or the firearm could have belonged to anybody in those places." The circuit court denied the motion. Following the hearing, the circuit court found by a preponderance of the evidence that Thomas inexcusably violated the terms and conditions of his probation.

On appeal, Thomas asserts error in the circuit court's decision to revoke his probation. He argues that there was insufficient evidence to establish that he possessed the contraband discovered in the residence he shared with his wife. Thomas contends, "The fact that there was another adult in the home with access to the home and the clothing of [Thomas] negates the proposal that [Thomas] had access, control, either actual or constructive over the contraband and as such should not have been found guilty of the revocation."

Possession of contraband may be actual or constructive.[8] Actual possession is established by proof of a defendant's direct physical control of an item.[9] The State's burden of proof in a revocation hearing—a preponderance of the evidence—is less than that required to convict at a criminal trial.[10] Evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or a suspended sentence.[11] At the revocation hearing, Officer Starnes testified that on September 29, 2022, while conducting a search of Thomas's person, he discovered, in Thomas's jacket pocket, a twenty dollar bill with cocaine residue. In light of the officer's undisputed testimony, the evidence was sufficient to support a finding that Thomas had actual possession of the contraband. Further, when multiple new crimes are alleged, and the circuit court made no specific findings as to which offense it relied on, we will affirm if there is sufficient evidence to establish at least one of the alleged violations.[12] In the present case, we hold that possession of the contraband taken from Thomas's

[8]*Dougan v. State*, 2023 Ark. App. 75, 660 S.W.3d 375.

[9]*Id.*

[10]*Palmer v. State*, 2023 Ark. App. 178, 663 S.W.3d 436.

[11]*Id.*
[12]*Riley v. State*, 2023 Ark. App. 474, 678 S.W.3d 441.

5

jacket pocket was sufficient to establish the violation of at least one of the conditions of his probation. We need not consider the merit of Thomas's constructive-possession argument regarding the contraband found in his jointly occupied residence. Accordingly, we affirm the circuit court's revocation of Thomas's probation.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.