Cite as 2024 Ark. App. 266

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-23-510

| | |
|---|---|
| JIMMY WOODARD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 17, 2024<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-18-951]<br><br>HONORABLE CHRIS THYER, JUDGE<br><br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Jimmy Woodard appeals from the order of the Craighead County Circuit Court revoking his suspended imposition of sentence (SIS) for the underlying charge of possession of a controlled substance—methamphetamine. He argues that the circuit court erred by revoking his SIS because the State failed to prove that he was in sole possession of the contraband found in subsequent arrests. We affirm.[1]

Appellant pled guilty in August 2019 to possessing less than two grams of methamphetamine. He was charged as a habitual offender and faced up to fifteen years' imprisonment. His sentence was deferred until he either successfully completed the Craighead County drug-court program or was terminated from the drug-court program. As

---

[1]This is a companion case to another case also handed down today. *See Woodard v. State*, 2024 Ark. App. 267.

a condition of the program, appellant was required to obey all laws, and he was put on notice that any new criminal acts may be prosecuted. The State filed a petition to impose sentence on October 6, 2020, alleging that appellant was in violation of the drug-court program by possessing controlled substances and failing to pay fines and court fees. In the October 22 sentencing order, appellant was sentenced to two years at the Community Correction Center followed by five years' SIS. Appellant was required to pay a fee of $665 at the rate of $50 a month after his release.

The State filed a petition for revocation on November 29, 2022, contending that appellant had violated the terms and conditions of his SIS on November 13 by possessing more than two but less than ten grams of methamphetamine, by tampering with physical evidence, and by possessing drug paraphernalia. The petition was supplemented on February 1, 2023, to include a January 14 arrest for possession of less than two grams of methamphetamine.

The revocation hearing took place on April 6. Officer Trevor Sutton of the Jonesboro Police Department (JPD) testified that he was working patrol on November 13, 2022, when he made a traffic stop on a vehicle being driven by appellant for a cracked windshield. He stated that he made appellant step out of the vehicle when he finally stopped because appellant had passed several places where he could have pulled over but, instead, traveled to the McDonald's parking lot before stopping. He said that this made him think appellant was attempting to hide something. Officer Sutton testified that appellant denied being on probation or parole, but a call to dispatch revealed that appellant was on SIS. Appellant was

searched, and a K9 officer was called to do a sniff of the vehicle. The K9 alerted, and Officer Sutton subsequently searched the vehicle and found a methamphetamine pipe. He testified that it was a glass pipe with burnt crystal residue inside it. Nothing else was found in the vehicle appellant was driving.

On cross-examination, Officer Sutton stated that appellant's delay in pulling over gave him reasonable suspicion that appellant was trying to hide something. He agreed that appellant was cooperative once he was pulled over.

On redirect, Officer Sutton testified that once he transported appellant to the county jail, he located a bag of methamphetamine on the floorboard of his vehicle that had somehow been dropped there by appellant. He said that he knew the methamphetamine belonged to appellant because it was not on the floorboard when appellant was placed in the vehicle. He further testified that

> [i]t's department policy that you search the backseat of your car. My car, actually has plastic seats and a floorboard that cannot go anywhere else. So there's no ~ no crevices for anything to be hidden or lost inside of it. So the floorboard, once you look at it there's [nowhere] that it could have slid out of or been from previous arrestees.

He testified that once he removed appellant from his vehicle to take him into the sallyport, he noticed the bag of methamphetamine in the floorboard where appellant was sitting. He stated that he found a rolled-up plastic baggie with crushed white crystals inside.

Officer Tanner Seal of the JPD stated that he was working on January 14, 2023, when he conducted a traffic stop on the truck driven by appellant because the license plate was not displayed on the rear of the vehicle. He said that he made contact with appellant and was

3

advised that appellant was on probation. He stated that he had appellant step out of the vehicle because of appellant's prior drug arrests. He testified that there was also a passenger inside the vehicle who was instructed to remain in the vehicle. Officer Tanner stated that appellant made a statement about not wanting "to get in trouble again" that made Officer Tanner place appellant in handcuffs for "officer safety." Appellant subsequently admitted to Officer Tanner that methamphetamine was in the vehicle and gave its location. A white Ziploc baggie with a white crystalized substance inside was found in the vehicle. Officer Tanner said that the methamphetamine weighed about two grams. Appellant was arrested and charged with possessing less than two grams of methamphetamine.

On cross-examination, Officer Tanner admitted that appellant was cooperative.

The circuit court found that appellant had inexcusably violated the terms and conditions of his SIS. He was sentenced to twelve years' imprisonment. This sentence was to run concurrently to the sentence he received in the companion case, which was heard at the same time as this revocation.

To revoke a suspended sentence, the State bears the burden of proving by a preponderance of the evidence that the defendant violated a condition of the suspended sentence.[2] On appeal, a circuit court's revocation of a suspended sentence will be affirmed unless the decision is clearly against the preponderance of the evidence.[3] Evidence that is

---

[2]*Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116.

[3]*Id.*

insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence.[4] When multiple violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the SIS.[5]

Appellant argues that the State failed to prove he was in sole possession of the methamphetamine found on November 13, 2022, or January 14, 2023. He makes no specific argument regarding the drug paraphernalia found in the vehicle he was driving on November 13, and he also fails to challenge the allegation that he tampered with physical evidence. The circuit court revoked appellant's SIS without specifying which allegations it was relying on. When multiple new crimes are alleged, and the circuit court makes no specific findings as to which offense it relied on, we will affirm if there is sufficient evidence to establish at least one of the alleged violations.[6] Officer Sutton's undisputed testimony that the vehicle appellant was driving contained drug paraphernalia (methamphetamine pipe) is sufficient to support the revocation of appellant's SIS. Accordingly, we affirm.

Affirmed.

WOOD and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

---

[4]*Id.*

[5]*Id.*

[6]*Riley v. State*, 2023 Ark. App. 474, 678 S.W.3d 441.

*Tim Griffin*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.