Cite as 2026 Ark. App. 345

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-26-16

| | | |
|---|---|---|
| DEVARON HENDERSON | | Opinion Delivered May 20, 2026 |
| | APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-21-208] |
| V. | | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**MIKE MURPHY, Judge**

This is a no-merit appeal filed on behalf of appellant Devaron Henderson following the revocation of his probation by the Columbia County Circuit Court. Henderson's counsel has filed a no-merit brief and a motion to be relieved in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), stating that there are no meritorious grounds to support an appeal. Henderson was notified of his right to file pro se points in response to his counsel's brief, and he has not done so. We affirm and grant counsel's motion to be relieved.

On August 10, 2021, a felony information was filed in this case, 14CR-21-208, charging Henderson with one count of commercial burglary, one count of first-degree criminal mischief, first-degree endangering the welfare of a minor, one count of driving while intoxicated, and one count of theft of property. Henderson pleaded guilty to criminal

mischief, endangering the welfare of a minor, and driving while intoxicated pursuant to a plea agreement. The circuit court sentenced Henderson to a total of five years' probation for the felonies and a one-year suspended imposition of sentence for the misdemeanor. The written conditions of his probation were signed by him and filed with the court on April 7, 2022.

On July 15, 2025, a petition for revocation of probation was filed alleging that Henderson had violated multiple conditions of his probation. Specifically, Henderson had failed to report, pay court-ordered fines, and committed a new criminal offense. Henderson had his first appearance on July 17, where he entered a plea of not guilty, a public defender was appointed, and a revocation hearing was set for August 21.

At the revocation hearing, Henderson pleaded true to the allegations in the petition that he failed to report as directed and that he failed to pay his fees and court costs. Regarding the remaining allegations that he committed a new criminal offense, the parties presented evidence concerning a charge for third-degree domestic battery.

Henderson chose to testify during sentencing. He testified that he failed to report on several dates because he had surgery on his arm, which caused him to be laid off from work and get behind on his payments. He explained he did not want to report until he was able to pay on the fees and fines. Henderson was aware he was supposed to report but was scared to do so because he was behind on payments. After the surgery and losing his job, he lost his car and his utilities were shut off. He explained that he struggled to find new employment because a background-check error incorrectly showed he was serving a six-year sentence in

2

Texas. Henderson said he had been wrongly arrested before being placed on probation in this case, and although the mistake was corrected, the record "has never left [his] name." He testified that he expected to return to work at Tyson and resume making his payments.

Following testimony, the State recommended a sentence of incarceration but deferred to the circuit court on the term. Henderson asked that his probation be extended because it would be better for him to be in the community working and getting caught up on his fees and fines but that if the court impose some prison time, that he should get time served credit for the sentence he served in Texas that was not his.

The circuit court found that Henderson had violated the terms of his probation and sentenced him to a total of three years' incarceration and two years' suspended imposition of sentence. The court declined to calculate Henderson's time served in Texas, reasoning that it occurred before he was ever placed on probation in this case and therefore should not count toward his sentence here. The sentencing order was entered on September 30, 2025, and a notice of appeal was filed on October 22, 2025.

A request to withdraw on the basis that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing

every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Stephenson v. State*, 2023 Ark. App. 453.

Counsel contends that there are no issues of merit to support an appeal and has adequately explained why an appeal would be wholly frivolous. We first address whether the evidence was sufficient to support the revocation. To revoke probation or suspended sentence, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Id.*

Henderson admitted to violating two conditions of his probation: failure to report and failure to pay. Even if the evidence were insufficient to prove that he committed a new criminal offense of domestic battery, the fact that Henderson pleaded true on the other two violations is sufficient for revocation. *See Sivils v. State*, 2021 Ark. App. 198, at 5, 623 S.W.3d 138, 141 (holding that the State need only show that the defendant committed one violation in order to sustain a revocation).

The only additional adverse ruling to Henderson was his request for a lesser sentence, including his request for extended probation or credit for time served.

Sentencing is entirely a matter of statute, and the circuit court has the authority to impose a particular sentence when it complies with the applicable statute. *Hogue v. State*, 2024 Ark. App. 251, at 3, 687 S.W.3d 868, 871. According to Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2025), when revoking a defendant's probation, "the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty." In the underlying case, Henderson was convicted of first-degree criminal mischief, a Class C felony; first-degree endangering the welfare of a minor, a Class D felony; and one count of driving while intoxicated. [1] At the time of his conviction, the sentencing range for a Class C felony was three to ten years' incarceration, and the sentencing range for a Class D felony was up to six years' incarceration. Ark. Code Ann. § 5-4-401. Upon revocation, the circuit court sentenced Henderson to a total of three years' incarceration and a two-year suspended imposition of sentence without credit for time served. This sentence was within the statutory range and below the maximum sentence. Thus, no meritorious argument could be made on appeal that the circuit court erred in rejecting his plea for a lesser punishment.

From our review of the record and the brief presented to us, we find compliance with *Anders* and Rule 4-3 and hold that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm Henderson's revocation

Affirmed; motion to withdraw granted.

---

[1]He was sentenced to a one-year suspended imposition of sentence on the DWI, which he completed, so it was not at issue on revocation.

5

ABRAMSON and BROWN, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

One brief only.